Mr. Justice Clayton
delivered the opinion of the court.
The bill states, in this case, that the complainant in the court below, the present appellee, sold a tract of land to Greenville Burnett, on the 12th November, 1836, took his three promissory notes for the purchase money, and executed a bond for title upon their payment. Afterwards Burnett requested the complainant to convey him the legal title, and promised him to give good personal security : complainant complied with this request, but Burnett failed to give the security. The first note was paid, the two others remain unpaid. The bill charges that Greenville Burnett conveyed the tract of land to John Goodwin in trust, to secure certain debts due to his co-defendants, Daniel Burnett and others. It prays that his equitable lien as vendor, may be established, and that the land may be decreed to be sold to pay the balance of the purchase-money.
Greenville Burnett in his answer admits the purchase of the land, that at first only bond for title was given, subsequently he received the legal title under an agreement to give personal security, which was never done. He states that on the 10th of October, 1839, he conveyed the land, by deed duly recorded, to John Goodwin in trust for the payment of certain debts, and that the trustee had no knowledge of any outstanding lien or equity upon the land.
Goodwin, the trustee, in his answer, sets out the deed of trust, and states that he made sale under it according to its terms, and that he had no notice of any outstanding lien or equity up to the time of the sale. Daniel Burnett answered that Greenville Burnett was indebted to him in some twenty-four hundred dollars, besides a security debt to the Mississippi Union Bank for about $2000. That the land was conveyed in trust to secure these debts; that he bought the same at the trustee’s sale on the 15th September, 1841, and that he had no notice of any lien, “ nor any information of any outstanding equity or secret trust, until the service of process in this cause.”
Upon this state of facts the question arises, whether the complainant, as vendor of the land, has any lien which can be enforced against these parties. As to Greenville Burnett, there is *710 no doubt the lien would still exist, were the land still his. The giving of the deed under the promise' of personal security, a promise which was- not complied with, would not be regarded as an abandonment of the lien as to him. But then the rights of others intervene. The'conveyance by deed oftrust to secure the payment of bona fide debts, due to those who had no notice of the equitable lien, placed them, according to some of the authorities, in the same situation with a purchaser under- the like circumstances. Duval v. Bibb, 4 Hen. & Mun.; Bayley v. Greenleaf, 7 Wheat. 46; 4 Kent, 153. There has been some disposition manifested to limit the operation of this principle to cases in which the mortgage or deed of trust was executed to secure debts which arose after the vendor had made conveyance, and not to extend it to antecedent debts. Shirley v. Congress Sugar Refinery, 2 Edwards Ch. 512; Mynre v. Alston, 1 Dev. Eq. In this case a portion at least of the debts were created after the conveyance by Dunlap; so that if the principle be restricted to the limit indicated, which we think would be correct, Daniel Burnett is still within its range.' ' - -
This doctrine as- to creditors is intended to be confined to such-as claim under a deed of trust or mortgage. Such conveyances are a- lien, and something-more-; they constitute a transfer of the property itself. Conard v. Atlantic Insurance Company, 1 Peters, 441. They form a special assignment, and their effect differs from a general lien, such as that created by a judgment, or general assignment by operation of law. These are regarded as subject to all thé' equities which- exist at the time in favor of third persons, and a court of equity will limit such lien to the actual interest of the judgment debtor. Ex parte Howe, 1 Paige, 125; 2 Edwards; ut supra; 3 Dess. Eq. R. 74; Keirstead v. Avery, 4 Paige, 15.
It is well settled, moreover, that a purchaser for valuable consideration, without notice, is protected from the vendor’s lien. 4 Kent, 153; 1 S. & M. 197; 2 Ib. 108. Daniel Burnett also occupies this position. The answer avers that he purchased under the deed of trust without notice, and that he paid a valuable consideration: It denies notice at any time *711 prior to the filing of the bill. Upon either or both of these grounds, he is entitled to hold the land, divested of any lien in favor of the complainant.
The decree of the court below must therefore be reversed, and the bill dimissed.
Decree reversed.