##### IN

# THE SUPREME COURT

##### OF THE

## STATE OF KANSAS,

DURING THE TERM COMMENCING JANUARY, 1864.

---

JOSEPH SWARTS *et. al.* v. REUBEN STEES AND BRYAN & HARDCASTLE.

### *Error from Shawnee County.*

Defendant S. mortgaged land to plaintiff, June 19th, 1860, recorded same day, and the lands therein were misdescribed. Defendants B. & H. recovered judgment against defendant S., October A. D. 1861, and thereunder levied execution on the land intended to have been mortgaged, August 26th, 1862. In a suit to reform and foreclose the mortgage *held* that the judgment creditors so far as the recording acts are concerned are interested only in the question whether the lands have been in fact previously pledged. The lien of judgment creditors is upon the lands and tenements in fact belonging to the debtor. Lien under the mortgage *held* prior to that under the judgment.

Section 13 of the act relating to conveyances does not extend the benefits of a want of notice of prior transfers or incumbrances to judgment lien-holders. They are not purchasers within its meaning. *Semble* it is otherwise with mortgage holders and judgment creditors after having bid in the land.

The Recording Acts of Kansas compared with those of Ohio.

On January 19th, 1860, defendant Stees executed his note and mortgage to plaintiffs on land described therein, as the E. ½ of S. E. ¼, Sec. 14, T. 13, R. 14. May 14th, 1862, plaintiffs commenced action to foreclose the mortgage,

setting forth a mistake in the description of the land, in this, that it should have been the E. ½ of N. E. ¼ of said Section, and asked a reformation of the mortgage. On application the defendants, Bryan & Hardcastle, at the Spring Term of Court were made parties defendants. Defendant Stees made default. Defendants Bryan & Hardcastle answered and set up the recovery of judgment against one Jackson and defendant Stees as partners at the October Term of that Court, A. D. 1861, and that on August 26th, 1862, the said E. ½ of N. E. ¼, Sec. 14, was levied on under an execution issued under such judgment, and claimed to be encumbrancers and purchasers for a valuable consideration without notice. The plaintiffs replied, denying that Bryan & Hardcastle are purchasers and encumbrancers without notice.

The cause was submitted on the pleadings, and the Court below ordered that the mortgage be rectified as prayed for, and that Bryan & Hardcastle had a prior lien over that of plaintiffs on the land, and ordered the land sold and the proceeds to be applied: First, to the payment of the judgment of Bryan & Hardcastle against Jackson & Stees, and secondly, to the payment of the mortgage debt.

The case comes to this Court on exceptions to the judgment so rendered.

*Elmore & Martin* for plaintiffs in error.

*Nathan P. Case* for defendants in error, Bryan & Hardcastle.

The case was argued by *Rush Elmore* on the following points by *Elmore and Martin*.

1st. The defendant Stees was a Trustee (there being a mistake in the description of the land,) for the plaintiffs in error. 1 *Peters, R.*, 444; 4 *Kent's Com.*, 154, *n. a.*; 1 *O. R.*, 257.

2d.   The plaintiffs were the mortgagees in equity, and mortgagees are equal to and in fact purchasers. *7 Ohio R.*, 70; 2 *Cranch*, 355; 3 *Cranch*, 73, *and authorities cited in 7th Ohio.*

3d.   Plaintiffs in error had a specific lien.   The defendants had a general lien; the specific lien will be protected in equity. *See authorities above cited.*

4th.   The plaintiffs in error have a specific equitable lien on the land; this interest will be protected by Courts of Equity. *Ohio State R.*, 112, *and authorities cited*; 3, *Missouri*, 161, 1 *Paige Ch.*, 128, 4 *Paige Ch.*, 14.

5th.   Whatsoever interest Stees had in this land on the first day of the Term at which the judgment was rendered, is liable under the judgment.   The authorities which we have cited, we think, clearly show that the legal estate was in Swarts & Springer, and that Stees only held the equity of redemption.   To that extent under Sec. 433 Civil Code, his interest is liable under the judgment.

6th.   Section 13, p. 355, Comp. L., provides:   "No instrument affecting real estate is of any validity against subsequent purchasers for valuable consideration, without notice, if it is not recorded."   Are the defendants Bryan & Hardcastle, purchasers by the recovery of their judgment within the meaning of this section?   Sec. 1, par. 2d on p. 838, determines the meaning of the word "purchaser." Webster says "purchaser" means "one who obtains the property of anything by paying its equivalent in money." The defendants Bryan & Hardcastle, have not done this; they do not pretend to have paid anything for the land, but they allege they have a lien, which may or may not ripen into a purchase, with notice, after the commencement of the action on the note and mortgage.

Bonvier defines the word purchaser in common parlance, the buying of real estate or of goods and chattles; in its technical sense, the acquisition of an estate otherwise than by descent.   A judgment is not a lien on land sold before

Swarts and others v. Stees and Bryan & Hardcastle.

judgment, but not conveyed. 1 *Ohio R.*, 257 ; 15 *Ohio R.* 568 ; 5 *Ohio St. R.*, 211.

7th. An unrecorded deed is good against a judgment lien if recorded before sale under the judgment. 14 *Missouri*, 170 ; 20 *Missouri*, 133.

The case was argued by *N. P. Case* for defendants in error, Bryan & Hardcastle, on the following :

1st. Bryan & Hardcastle when they recovered judgment against Reuben Stees, obtained a lien upon all his real estate in Shawnee County. *Comp. L.*, *Sec.* 433, *page* 194.

On Aug. 26th, 1862, Bryan & Hardcastle caused an execution to be issued out of said Court and delivered the same to the Sheriff of said County, who leived the same on the land in controversy, and thereby continued the lien given them by the Statute, Sec. 459, p. 202, and charged this land. Plaintiffs in error were bound to take notice of our judgment, execution and levy at their peril. See *Secs.* 87-88 ; *Comp. L.*, *p.* 138.

2d. The mortgage of plaintiffs, as against the defendant Stees, was valid without recording, and if a mistake was made in the description of the land intended to be mortgaged, the same might be reformed at any time while the title remained in him, but when other parties became incumbrancers, either by mortgage or judgment lien, Swarts and Springer lose the right to have the same reformed, and thereby oust prior acquired and vested rights. See 4 *Ohio St. R.*, 52 ; 16 *Ohio R.*, 60 ; 2 *McLean R.*, 55.

3d. If Swarts and Springer obtained any interest in the land in controversy, it was a mere equitable interest, and the description being defective, no legal estate passed to the plaintiff prior to the obtaining of the judgment lien by Bryan & Hardcastle. *See* 14 *Ohio R.*, 428 ; 13 *Ohio Reports*, 148.

By the Statute ( *Comp. L.* 355, *Sec.* 13,) no deed is of

any validity as against subsequent purchasers or incumbrancers unless recorded in the county where the land lies. *See* 16 *Ohio R.*, 533. A deed or mortgage duly executed and recorded, is only evidence of the incumbrance disclosed in the deeds, and subsequent purchasers, or incumbrancers, are not bound by the party's intentions, and if the grant as intended by the parties but not nominated in the bond was incomplete at the time the mortgage was filed of record, and so remained up to the time Bryan & Hardcastle recovered their judgment lien against the real estate of Reuben Stees, then Swarts and Springer's is postponed to the lien of Bryan & Hardcastle by their own neglect, and by operation of law. *Compiled Laws*, 355, *Sec.* 13; 16 *Ohio R.*, 533; 13 *Ohio R.*, 148; 4 *Ohio State R.*, 45; 8 *Ohio S. R.*, 509; *2nd McLean*, 341.

Parties who sit idly by and allow others to obtain valid and vested rights, cannot set up an outstanding and defective mortgage and thereby defeat prior vested liens of innocent purchasers and incumbrancers for value. It is the fault of the plaintiffs that their incumbrance was not as against all the world placed upon the record upon the correct $\frac{1}{2}\frac{1}{4}$ section of land. Can they now take advantage of their own wrong and be subrogate to the vested rights of the defendants, Bryan & Hardcastle? *See* 16 *Ohio R.*, 59.

Where lands are bound by a valid and subsisting lien or judgment as conclusively shown here, and a sale of the land has passed the legal title to another, Courts of law or equity have no power to subject them to the payment of the debts of the judgment debtor, neither has the Court any legal or equitable authority to reform and declare a defective mortgage a lien upon the real estate of a judgment debtor, and thereby postponing the valid judgment lien of a judgment creditor. The deed of defeasance of Reuben Stees to Swarts and Springer conveyed no interest either legal or equitable as against the judgment lien of Bryan & Hardcastle, as to the land covered by our lien.

*By the Court,* CROZIER, C. J.

The only question necessary to be decided in this case is as to the priority of the liens of the mortgage and judgment. It is insisted by the judgment creditors that because there was no mortgage describing the lands they seek to subject under their judgment upon the records of the County, nor had they any notice of such mortgage, nor was there in fact any such mortgage in existence, their judgment became the first lien upon the lands from the date of its rendition; that they had no notice of the existence of any incumbrance upon the land when their judgment was rendered; that a correction of the description of the land in the mortgage by the Court subsequently to that time, could not deprive them of their prior lien, because they had no notice of the mistake.

If the judgment creditors, without notice of the defect in the plaintiffs mortgage, had become the purchasers of the land, or had taken a mortgage thereon to secure their debt, there would not be much question but that their title in the one case and their lien in the other, would not be prejudiced by a subsequent reformation of the plaintiffs mortgage. They would then be " purchasers for a valuable consideration without notice," within the meaning of Section 13 of the Act regulating conveyances. *Comp. Laws, p.* 355.

But that section does not extend the benefits of a want of notice to judgment lien-holders. They are not " purchasers." Their lien is upon the "lands and tenements of the debtor," and not upon lands and tenements not in fact belonging to him. *Code, Sec.* 433.

In this case the lands in question, for the purpose of securing the payment of the plaintiffs debt, were, in equity, the plaintiff's lands. The District Court in their judgment so find, and as that Court had the legal power so to find, we are bound to presume they had sufficient evidence upon which to make that finding; and it can make no difference to these judgment creditors how that finding was

made, or that the facts upon which it was predicated came to their knowledge after the date of their judgment. They have nothing to do ͺwith the question of notice. The recording act does not apply to them. The only question they had anything to do with was, whether the land had been pledged to the plaintiff. If it had been so pledged, in fact before the rendition of their judgment, it was wholly immaterial to the judgment creditors whether they had any notice whatever of the fact. *Gouvernuer* v. *Titus*, 6 *Paige's Ch. Rep.* 347. The District Court found they were so pledged, and we are not asked to disturb that finding.

Several cases from the reports of the Supreme Court of Ohio were cited by the counsel for the judgment creditors to establish the position, that because there was no mortgage upon the records whereby, upon its face, these lands were pledged to the plaintiffs, their judgment was a prior lien. We do not think any of those cases in point under the Ohio Statute, as construed by the Supreme Court of that State. No mortgage was of any validity whatever, except between the parties to it, unless recorded. As to third parties, including purchasers, encumbrance and judgment lien-holders, whether they had actual notice of its existence or not, unless recorded, it was wholly void. Our Statute is different in this respect. A mortgage here is good against every body who has notice of its existence, whether recorded or not recorded, hence the inapplicability of the Ohio authorities.

We think, therefore, that the lien of the mortgage is prior to that of the judgment, and that the District Court erred in directing the judgment to be first satisfied out of the proceeds of the sale of the land. The judgment of that Court is in this respect reversed at the costs of the defendants, Bryan & Hardcastle, and in all other respects approved, and the cause will be remanded to that Court, and the Court directed to render judgment declaring the

lien of the mortgage prior to the lien of the judgment, and ordering the amount found due the plaintiff to be first paid out of the proceeds of the sale of the land.

Justices BAILEY and KINGMAN, concurring.