## HARRISON & WILLIS v. ELIZABETH W. ANDREWS.

1. MOTION TO SET ASIDE SHERIFF SALE; *By whom Made.* The rule enunciated in the case of *White-Crow v. White-Wing,* 3 Kas. 276, that where land has been sold on execution, any person claiming to be the owner thereof, and interested in defeating the sale, may, although he may not be a party to the suit, move the court to set aside such sale, cited and followed.

2. —————— *Parol Evidence, On Motion.* Where the public records, and all the written evidence applicable to the subject, apparently show that certain land was subject to be sold on execution, a party moving to set the sale aside, may nevertheless show by competent and proper parol evidence, embodied in affidavits, that the land was not in fact subject to be sold on said execution.

3. —————— *Decision on Motion, Not Conclusive of Title.* The right of the party moving to set aside a judicial sale, is subject to an extensive discretion in the court hearing the motion, and the final decision of the court upon such motion is not conclusive as to the ultimate rights of either of the parties.

4. DEED; *Delivery.* A deed does not take effect until it is delivered; and it may be shown by parol evidence that a deed drawn up, signed, dated and acknowledged on a certain day was not delivered until a long time afterward, or that it was never delivered at all.

5. JUDGMENT-LIEN; *When it Does Not Attach.* Mrs. A. and her husband occupied a certain piece of land as their homestead, she being in equity the owner thereof and he holding the legal title thereto. They agreed with one H. that they would transfer the title to said land to H., and that he should then transfer the title to Mrs. A. In pursuance of this agreement they, on May 24th, drew up, signed and acknowledged a deed conveying said land to H., but they did not deliver said deed until June 5th. On that day, H. executed and acknowledged a deed conveying said land to Mrs. A., and both of said deeds were then delivered at the same time. H. never had possession of said land, nor did he ever have

any interest therein excccpt as above specified; *held*, that H. never had such an interest in said land as could be held by the judgment-lien of any of his judgment-creditors, nor did he have any such interest as could be sold on execution.

6. ———— A judgment-lien attaches merely to the interest of the judgment-debtor in the land, and to nothing more; and the courts will protect every equity of third persons therein.

7. Judicial Sale; *Purchaser; Notice of Equities.* A purchaser of real estate at a sheriff's sale, who has notice of all the equities of third persons cannot take any greater interest in such real estate than the judgment-debtor himself possesses.

## Error from Montgomery District Court.

The district court, at the December Term 1875, on the motion of *Andrews* set aside a sheriff's sale of real estate. *Harrison & Willis*, the plaintiffs in the execution, and the purchasers at such sale, appeal, and bring the case here on error. All necessary facts are stated in the opinion.

*Harrison & Willis*, plaintiffs in error, for themselves, contended, that the court erred in admitting parol evidence to be introduced in the shape of affidavits in support of defendant's motion to vary and contradict written deeds — citing, 1 Greenl. Ev. §§ 275, 276; 2 Phil. Ev. 350; 2 Stark. Ev. 544, 548; 1 M. & W. 379; 12 Wend. 573; 4 Kas. 429; 1 Kas. 115; 2 Pars. Contr. 547, § 10. The plain and obvious import of the deed from Andrews and wife to Hoag, cannot be varied by parol. Nor is parol evidence competent to show that a deed, absolute on its face, was given in trust for the benefit of the grantor; except in cases where fraud in procuring the deed, or mistake in making it absolute, instead of expressing the trust, is alleged — citing, 9 Wis. 379; 7 Kas. 199; 2 Blackf. 207; 15 Mich. 94; 2 Iowa, 60, 860; 2 Story Eq., § 1199; 28 Ind. 35; 14 Ill. 503; 20 N. Y. 39; 9 Kas. 549. There was error too in permitting defendant in error, not a party to the action or judgment, to come in by motion, and without pleadings, and try the question of title in this summary way. Where the "showing indicates the existence of a substantial question as to the ownership between the

debtor and a third person, or if it appear that the debtor had some sort of an interest in the property, the motion ought to be overruled." (*White-Crow v. White-Wing*, 3 Kas. 281.)

*J. B. Zeigler*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This is a proceeding in error instituted for the purpose of reversing an order of the district court setting aside a sheriff's sale. The proceeding might properly be dismissed from this court, for the reason that the plaintiffs in error have not made Hoag, the defendant below, a party in this court. Of course, we would not reverse the order of the court below without first giving the defendant below an opportunity to be heard. But as we expect to affirm the order of the court below, we shall do so without prejudice to his rights.

The facts of the case are substantially as follows: On the 7th of January 1873, a judgment was rendered in a justice's court in favor of Thomas Harrison and Frank Willis, partners as Harrison & Willis, and against George S. Hoag, for the sum of $231.50 debt, and $3 costs. On the 1st of March following, an abstract of this judgment was docketed in the district court of said county. On the 5th of June 1875, two deeds of conveyance were recorded in the office of the register of deeds of said county, as follows: one of said deeds purported to convey two certain forty-acre tracts of land situated in said county from Lindley M. Andrews and Elizabeth W. Andrews to George S. Hoag, and was dated 24th May 1875; the other deed purported to convey the same land from George S. Hoag to Elizabeth W. Andrews, and was dated June 5th 1875. Both of said deeds purported to have been acknowledged before Thomas Harrison, a justice of the peace of said county. On the 12th of October 1875, an execution was issued on said judgment and placed in the hands of the sheriff of said county. The sheriff levied the same on one of said forty-acre tracts, to-wit, the

35—18 KAS.

S.E. ¼ of the S.E. ¼ of section 31, township 32, range 16 east. This piece of land upon which the sheriff levied was "appraised at $1,000, being $25 per acre." The sheriff sold the north twenty acres of said land to said Harrison & Willis for the sum of $333.34. He did not sell the rest of said land. Whether the twenty acres sold was worth more or less than the other twenty acres levied on and not sold, is not shown. The twenty acres sold may have been worth $700, and the other twenty acres may have not been worth more than $300. The two twenty-acre pieces taken together, or the whole forty-acre tract, was worth $1,000. At the next term of the court a motion was made to confirm said sale, and while said motion was pending Elizabeth W. Andrews appeared and moved the court to set aside said sale. The grounds upon which she made her motion were, that the land which was sold belonged to her, and did not belong to George S. Hoag. The motion to set aside said sale was heard upon the affidavits of Elizabeth W. Andrews, George S. Hoag, Thomas Harrison, and the aforementioned deeds. The court below set aside said sale, and the said Harrison & Willis excepted, and now bring the case to this court for review.

It has already been decided by this court, that where land has been sold on execution, any person claiming to be the owner thereof, and interested in defeating the sale, may, although he may not be a party to the suit, move the court to set aside such sale. (*White-Crow v. White-Wing*, 3 Kas. 276; Gen. Stat. 734, § 532.) We shall follow that decision in this case; for this case clearly falls within the rule enunciated in that decision. It was not only shown in this case that Mrs. Andrews was the owner of the land, but it was also shown that except for parol evidence her land was apparently subject to the payment of said judgment and therefore that a sheriff's deed for the land executed in pursuance of a regular sheriff-sale under such judgment would cast a cloud upon her title. In fact, the holder of the sheriff's deed would, if he were an innocent *bona fide* purchaser, procure the whole of the estate in the land, and wholly

*1. Who may move to set aside sheriff sale.*

defeat Mrs. Andrews' title. Apparently, from the public records and said deeds, which was all the written evidence there was applicable to the subject, Hoag obtained a good title to the land on May 24th 1875. Apparently, the judgment-lien then attached to the land; (*Babcock v. Jones,* 15 Kas. 296;) and apparently, Mrs. Andrews obtained her title to said land on June 5th, subject to said judgment-lien. It will therefore be seen that it was necessary for Mrs. Andrews to introduce parol evidence in order to show that her said land was not subject to said judgment-lien. The plaintiffs in error claim that this could not be done on a motion to set aside a sheriff's sale. We would answer that it may be done, subject to an extensive discretion in the court hearing the motion to allow or disallow it. (*White-Crow v. White-Wing,* 3 Kas. 276, 280, 281.) But the final decision of the court upon the motion in such a case would not be conclusive upon either party as to the ultimate rights of the parties. (*Trepto v. Buse,* 10 Kas. 170, 179, 180.) Of course, such parol evidence should be competent and material, and such as would be admissible under the rules of evidence in other cases. The parol evidence introduced by Mrs. Andrews in this case was embodied in the affidavits of herself and said Hoag. There is no objection to the evidence because it was embodied in affidavits, for proper and competent parol evidence may be embodied in affidavits on the hearing of a motion. Said affidavits show substantially as follows: Said land was originally purchased, and the improvements made thereon, with the money of Mrs. Andrews, and it was at the time said deeds were made, and still continues to be the homestead of herself and her husband and children. The title to the land was taken in the name of her husband (said Lindley M. Andrews,) but he agreed that he would transfer the title to her. In pursuance of such agreement they asked said Hoag, a single man, if he would receive the title from them, and then transfer the title to

*2. Parol evidence of title.*

*3. Decision on motion, not conclusive.*

Mrs. Andrews. He agreed that he would. In pursuance of this agreement, Andrews and his wife on said May 24th, made out and signed said first-mentioned deed, and took it to Independence, where they met said Thomas Harrison, an attorney-at-law and justice of the peace. Mrs. Andrews testifies that Andrews then told Harrison, in her presence, what they had come for, and made Harrison acquainted with all the facts, "and that said Harrison then said that the method of transferring title, as by Mrs. Andrews suggested, was proper, and was only doing justice to this affiant, [Mrs. Andrews,] and that thereupon said deed to said Hoag was acknowledged." Harrison took the acknowledgment as a justice of the peace. Mrs. Andrews kept the deed. Her husband left Kansas to go to Illinois the next day. On June 5th, Mrs. Andrews and Hoag went to Independence to Harrison's office, and there Hoag was made acquainted with the contents of both deeds. He then executed the second deed, and acknowledged the same before Harrison, who took the acknowledgment as a justice of the peace. Mrs. Andrews then handed both deeds to Hoag, and gave him money to get them recorded in the county register's office, and he immediately had them so recorded. The first deed was not delivered to Hoag until after he had executed the second deed. Hoag never had possession of the said land, and never claimed to own it. But on the contrary, the land has all the time been in the possession of Mrs. Andrews and her family, as their homestead, and she has all the time claimed to own it. Mrs. Andrews was present at said sheriff's sale, and forbade the sale, and informed said Harrison & Willis that she owned said land, and that Hoag never had any such interest therein as could be taken in payment of their judgment. Harrison in his affidavit admits that he took the acknowledgment of said deeds, but denies that he was ever informed, prior to their execution or at the time of their execution, for what purpose they were executed. He also denies that he had any knowledge of their contents, or what land they con-

veyed, or to whom they conveyed it. All that he knew about them was, that they were instruments in writing which the parties wished to acknowledge.

We think the court below did not err in setting aside said sheriff's sale. It is possible that Mrs. Andrews was in equity the real owner of said land before either of said deeds was executed, and that her husband held only the mere naked legal title thereto. (*Franklin v. Colley*, 10 Kas. 260; Gen. Stat. 1097, § 8.) But it is certain that Hoag never had 4. Deed—inoperative until delivered. any such interest in said land as could be sold on execution. A deed has no force or effect until it is delivered. And the proof of the delivery rests entirely in parol. A deed dated May 24th, may be shown by parol evidence not to have been delivered until June 5th. Indeed, such a deed or any deed, might be shown by parol evidence never to have been delivered at all. Such evidence does not contradict or vary any of the terms of the written instrument. The delivery of the deed is a fact outside of the writing, and in the nature of things must be subsequent to its execution. The deed is first completed, and then it is delivered, and it may be delivered long after its completion, and long after its date. Hence the delivery of the deed must be proved by evidence outside of the deed itself. And as the deed from Andrews and wife to Hoag was shown in this case not to have been delivered until June 5th, it therefore had no force or effect until that time. Indeed, it had no force or effect until the deed from Hoag to Mrs. Andrews took effect. That is, the two deeds were delivered simultaneously, and took effect simultaneously. They were executed and delivered as parts and portions of one single contract, taking effect at the same time; and they must be considered as merely parts and portions of one single contract. They must be considered as though the two instruments were attached together, and formed but one single 5. Judgment-lien —when it does not attach. instrument. The estate therefore in the land did not stop a single moment in the hands of Hoag. There was not a single instant of time when it could be said

that the land belonged to him. And in such cases it is held that a judgment-lien cannot attach. (*Scott v. Warren*, 21 Georgia, 408.) But if any estate ever did stop for a sufficient length of time in the hands of Hoag for a judgment-lien to attach, it was a mere naked legal estate, as contradistinguished from an equitable estate. The whole equitable estate was clearly in the hands of Mrs. Andrews; and in such cases it is held that the judgment-lien does not attach. (*Lounsburg v. Purdy*, 11 Barbour, 490; *Thomas v. Kennedy*, 24 Iowa, 398.) That is, it is held that the judgment-lien cannot attach to a mere naked legal estate, when the entire equitable estate is vested in some third person. And in no case will the judgment-lien attach to any interest greater than the judgment-debtor himself possesses in the land. *Swarts v. Stees*, 2 Kas. 236; *Blankenship v. Douglas*, 26 Texas, 225; *Tallman v. Farley*, 1 Barb. 280; *Averill v. Loucks*, 6 Barb. 20, 26, 27; *Ells v. Tousley*, 1 Paige Ch. 280; *Keirsted v. Avery*, 4 Paige Ch. 9; *Dunlap v. Burnett*, 13 Miss. (5 S. & M.) 702; *Walker v. Gilbert*, 1 Freeman Ch. (Miss.) 85; *Jenkins v. Bodley*, 1 Smedes & Marsh. Ch. (Miss.) 338. The judgment-lien attaches merely to the interest of the judgment-debtor in the land, and to nothing more. (Gen. Stat. 708, § 419.) Every

Purchaser at judicial sale. equity belonging to other persons will be protected by the courts. A judgment-creditor is never considered as a *bona fide* purchaser, or even as a purchaser at all. (*Swarts v. Stees*, 2 Kas. 241.) In the present case however, the plaintiffs claim both as judgment-creditors, and as purchasers. But they cannot claim as *bona fide* purchasers. For, saying nothing about Harrison's knowledge of the execution of said deeds, the plaintiffs were informed on the day of sale, and before they purchased the property, that it belonged to Mrs. Andrews. Besides, Mrs. Andrews was at the time in the possession of the property, occupying the same as the homestead of herself and family, and claiming it as her own, while Hoag never had the possession of the property, and never claimed to have any interest therein.

As purchasers therefore, the plaintiffs could not take any greater interest in the land than Hoag himself possessed.

The order of the district court setting aside said sheriff's sale will be affirmed.

All the Justices concurring.