EDGAR HAWLEY v. H. E. SMEIDING.

No. 85.

1. FRAUDULENT CONVEYANCE—*Judgment Lien.* Where the purchaser of a tract of land who is in debt has the grantor, when paid the consideration, execute a deed of general warranty to a third person, and the purchaser has the deed so made to hinder and delay his creditors, the deed is binding between the parties, and said real estate is subject to the lien of a judgment rendered prior to the execution of such a conveyance against the person to whom such conveyance is made. *Held,* further, that such lien is superior to that of a mortgage executed at the same time as the deed, where the mortgagee had knowledge of the fraudulent purpose of the purchaser in having the land so conveyed.

2. PRINCIPAL AND AGENT—*Knowledge of Agent.* Where a transaction is carried on and consummated by one person acting as the agent for another person, whatever comes to the knowledge of the agent pending the transaction must be presumed to come to the knowledge of the principal, and such principal is bound by the agent's knowledge.

3. CASE *Distinguished.* The case of *Harrison v. Andrews,* 18 Kan. 535, discussed, and distinguished from this case.

MEMORANDUM.—Error from Franklin district court ; A. W. BENSON, judge. Action by H. E. Smeiding against Edgar Hawley and others to foreclose a mortgage. Judgment for plaintiff. Defendant Edgar Hawley brings the case to this court. Reversed. The opinion herein, filed December 4, 1895, states the material facts.

*J. W. Deford*, and *W. A. Deford*, for plaintiff in error.

*W. H. Clark*, for defendant in error.

The opinion of the court was delivered by

COLE, J. : H. E. Smeiding brought an action in the district court of Franklin county to foreclose a mortgage made by Charles Vandusen and wife upon a certain piece of real estate situated in said county. The plaintiff in error, Edgar Hawley, filed an answer setting up the rendition of a certain judgment in his favor and against Vandusen, and the plaintiff below, Smeiding, replied, alleging in substance that Vandusen was not the owner of the land in question, and had no interest whatever in the same, although the title appeared in him at the time that the mortgage was made, and detailed the facts upon which such claim was made, which will more fully appear later in this opinion. The cause was tried to the court, who made certain special findings of fact and conclusions of law, for a review of which the plaintiff in error brings the case here. The only question to which our attention is directed is that the conclusions of law found by the court are not supported by the findings of fact. The court found the facts in substance as follows: That on March 2, 1889, Hawley recovered a judgment in the district court of Franklin county against the defendant Chas. Vandusen for $196.12 damages and $60 costs, which judgment remained in full force and unsatisfied; that on November 12, 1889, one Watkins was the owner of the real estate described in the petition, and on that date said Watkins made a trade with F. E. Crane, whereby Crane delivered to him a stock of merchandise, and he, Watkins, executed

and delivered to Crane a deed for said real estate, complete except as to the grantee, the name of which, at Crane's request, was left blank; that prior to said date a judgment for $1,461.30 and costs had been rendered in the district court of Franklin county against said Crane, which was still in full force and effect, but that Crane had caused proceedings in error to be prosecuted in the supreme court and had filed a supersedeas bond to stay execution upon such judgment; that Crane, desiring and intending to negotiate a loan upon said real estate, and believing that if the title should appear in his name he would be unable to do so, caused said deed to be delivered to him blank as to the grantee; that on December 23, 1889, said Crane applied to U. M. Beachy, who was plaintiff's agent, for a loan of $1,000 on said real estate, and in the presence of Beachy and of Charles Vandusen the name of said Vandusen was inserted as grantee in said deed, and a mortgage for $1,000 to secure a note for a like amount was executed by Vandusen and wife upon said real estate to plaintiff as mortgagee and delivered to Beachy, who thereupon paid Crane said $1,000, and Vandusen and wife made and delivered their deed of conveyance for said real estate to Crane. The writing of Vandusen's name as grantee in said deed, the execution and delivery of said note and mortgage to the plaintiff and of said deed to Crane by Vandusen and wife and the payment of the $1,000 to Crane were simultaneous acts. Vandusen and wife had no interest in said real estate or in the loan so negotiated except that they took the title as an accommodation to Crane that he might negotiate and obtain said loan, all of which said Beachy well knew. Said Beachy also had actual knowledge of the existence of the judgment against Crane, and that the title was so made

through Vandusen to avoid the lien thereof.    No writing was ever made concerning said real estate between Crane and Vandusen, except the execution of the papers as herein stated.    Hawley had issued two executions on his judgment, and levied the same on the real estate in question, but the same were returned that the land was unsold for want of bidders, and said court made an order for a new appraisal of said land.

From these findings of fact the court made the following conclusions of law, in substance : That as Vandusen never owned the real estate in question, and had no interest therein, Hawley's judgment never became a lien thereon, and he can take nothing in this action by or through such judgment; that the lien of Smeiding under his mortgage, as established and merged in the judgment therein rendered, was a first and prior lien upon said real estate, and that Hawley had no lien whatever.    Did the court commit error in its conclusions of law?    Paragraph 7164, General Statutes of 1889, provides :

"When a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter ; but the title shall vest in the former, subject to the provisions of the next two sections."

Under this paragraph, the moment the name of Vandusen was inserted in the deed in question the title to the real estate thereby conveyed vested in Vandusen, unless the transaction was one coming within the provisions of either paragraph 7165 or paragraph 7166 of said statute.    Paragraph 7165 provides, in substance, that every such conveyance shall be presumed fraudulent against the creditors of a person paying the consideration, and, unless such fraudulent intent is disproved, a trust results in favor of

such creditors.   Paragraph 7166 provides as follows, so far as it is of importance in this case :

"The provisions of the section next before the last shall not extend to cases   .   .   .   where it shall be made to appear that by agreement, and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land, or some interest therein, in trust for the party . paying the purchase-money, or some part thereof."

Under the findings of fact in this case, in what position are the parties to this transaction?   As between Crane and Vandusen, when the deed was made the title to the real estate in question vested absolutely in Vandusen.   The only person who might interpose as against this title were the creditors of Crane, as to whom the conveyance, under the findings of fact, was fraudulent, because it was made for the purpose of withholding the land from the lien of the judgment creditors of Crane, and therefore was not within the exception stated in either paragraph 7165 or paragraph 7166 of the General Statutes.   Now, what was the position of Smeiding in this transaction?   It is undisputed that Beachy was the agent of Smeiding and it is so found by the court.   The court further finds, that Beachy knew that the title to the real estate in question was made through Vandusen to avoid the lien of the judgment against Crane, of which judgment he, Beachy, had actual knowledge.   The knowledge of an agent must be presumed to be the knowledge of the principal, and the principal is bound by such knowledge in the transaction in which the agent is acting for him.   Smeiding therefore had knowledge of the fact that title to the real estate had been made to his grantor, Vandusen, with a fraudulent intent, and he now seeks the interference of a court of equity

to relieve him from the results of a fraud to which he was a party. He who comes into a court of equity asking for relief must appear with clean hands ; otherwise the court will not relieve him. We are of the opinion that this case is clearly within the rule laid down in *Weatherbee v. Cockrell,* 44 Kan. 380. In that case a father who paid the consideration for a piece of land had the deed executed to his sons for the purpose of defrauding his creditors, and the sons conveyed said land to one William Cockrell, who had actual personal knowledge of the claim of the father to the land in question. Cockrell conveyed the land to his brother, and the evidence disclosed that William Cockrell was the agent or partner, or both, of such brother. In an action brought by the father to compel the conveyance of said land to him, the court refused to compel the same, and proceedings in error having been prosecuted in the supreme court, the position of the lower court was sustained. HORTON, C. J., in delivering the opinion of the court, quotes the following from Bump on Fraudulent Conveyances, 443 :

"A conspiracy to defraud creditors is an offense against good morals, common honesty, and sound public policy, for it is a let and hindrance to the due course and execution of law and justice, and tends to overthrow all true and plain dealing, bargaining and chevisance between man and man, without which no commonwealth or civil society can be maintained or continued."

If this rule ought to be applied in a case where a party sought to avoid a possible lien, as in the Weatherbee case, it certainly must be where, as in this case, the whole transfer was made with the sole purpose of defeating the rights of parties whose claims had received the sanction of a court of competent jurisdiction whose judgment had not been reversed. While

the title to the real estate in question rested only for a moment in Vandusen, it remained there a sufficient length of time, where all parties had knowledge of the fraud, to permit the lien of the judgment against him to attach as against the claims of one who participated in the fraudulent transaction.

Nor does this doctrine conflict with the decision in *Harrison v. Andrews*, 18 Kan. 535. In that case a husband and wife conveyed to one Hoag a tract of land occupied by them continuously as a homestead, and Hoag immediately reconveyed the same to the wife. The whole transaction was in furtherance of an agreement previously made to that effect at the time of the original purchase of the land, the wife having furnished all of the purchase-money. It was held in that case that the land was not subject to the lien of a judgment rendered against Hoag prior to the two conveyances. The reasoning is obvious, for the facts of that case brought the transaction clearly within the exceptions of paragraph 7166, General Statutes of 1889. No conveyance of the homestead could be considered as in fraud of creditors, and the conveyance was made in conformity with a previous agreement, made without fraudulent intent, that the person to whom the conveyance was made was to hold the title in trust for the person who paid the original purchase price for the same.

The judgment rendered by the district court of Franklin county is set aside, and this case is remanded to the district court, with instructions to render judgment in accordance with the views expressed in this opinion. The costs of this court will be taxed to defendant in error.

All the Judges concurring.