### F. E. SMITH et al. v. CAROLINE M. SAVAGE.
#### No. 90.

1. JUDGMENT LIEN—*Extent.* A judgment lien attaches merely to the interest of the judgment debtor in the land and nothing more.
2. ——— *Not a Bona Fide Purchaser.* A judgment creditor is not a *bona fide* purchaser, within the meaning of the statute.
3. ——— *When an Unrecorded Deed Takes Precedence.* In this state an unrecorded deed takes precedence over a judgment lien acquired after the execution and delivery of the deed but before the same was recorded, although the judgment creditor had no notice of such deed.

MEMORANDUM.—Error from Lyon district court; CHARLES B. GRAVES, judge. Action in ejectment by Caroline M. Savage against F. E. Smith and others. Judgment for plaintiff. Defendants bring the case to this court. Affirmed. The opinion herein, filed February 6, 1896, states the material facts.

*J. A. Smith,* for plaintiffs in error.

*L. B. Kellogg,* and *T. N. Sedgwick,* for defendant in error.

The opinion of the court was delivered by

COLE, J. : This was an action in ejectment brought by the defendant in error in the district court of Lyon county. The court made certain conclusions of fact and law, and decreed plaintiff below to be the owner

in fee simple of the undivided one-half of the real estate in dispute.  Defendants bring the case here for review.

The facts in this case, briefly stated, are as follows: The plaintiff below had a connected and continuous chain of title to the real estate in controversy from one W. T. Irwin, who conveyed to Samuel Lahman February 4, 1868; Lahman conveyed to Samuels December 6, 1868, and these conveyances, together with the one previously made to Irwin, were recorded December 4, 1869; Samuels conveyed to Savage October 2, 1869, which conveyance was recorded October 16, 1869; Savage conveyed to plaintiff below September 9, 1879, and said conveyance was recorded September 17, 1879.

Plaintiffs in error claim title upon the following facts: In 1880 the land in controversy was sold for taxes of 1879, and the purchaser assigned his certificate to one Cunningham; in May, 1881, Cunningham took possession of and fenced said land; in June, 1881, Cunningham assigned said certificate, and surrendered his possession to the plaintiffs in error, who ever since said date have been in the actual, open and visible possession of said land, and paid the subsequent taxes of 1880 and 1881.  August 9, 1882, John W. Savage redeemed the land from the sale of 1880, and the redemption money so paid was received and accepted from the county treasurer December 4, 1889.

Plaintiffs in error also urged as against the title of defendant in error the following facts: February 9, 1868, Todd, Booth & Co. obtained a judgment against W. T. Irwin, before a justice of the peace in Riley county, and filed a transcript thereof in the office of the clerk of the district court of said county March 7, 1868, and in the office of the clerk of the district court

Smith v. Savage.

of Lyon county August 10, 1868; on the last-named date an execution was issued out of the office of the clerk of the district court of Riley county upon said judgment, directed to the sheriff of Lyon county, who levied on the land in controversy August 16, 1868, and sold the same September 22, 1868, to the plaintiffs in said suit, Todd, Booth & Co., for the amount of their judgment. This sale was confirmed September 11, 1871. Todd, Booth & Co. had no actual knowledge of any of the unrecorded deeds at the date of their purchase.

We are of the opinion that the judgment of the district court in this case was correct. So far as any rights obtained by plaintiffs in error under the tax-sale certificate are concerned, they amount to nothing in this controversy, for they had received the redemption money from the county treasurer and surrendered the tax-sale certificate long prior to the commencement of this action, and having accepted the benefits arising from the surrender of such certificate, they cannot now be heard to claim title thereunder.

The only remaining question in this case is, Was the title of the original grantor of defendant in error affected by the judgment and sale thereunder of Todd, Booth & Co.? At the time the transcript of judgment in the case of Todd, Booth & Co. v. Irwin was filed in the office of the clerk of the court of Lyon county the deed from Irwin to his immediate grantee, Lahman, had been executed and delivered, but was not of record, nor did Todd, Booth & Co. have any actual knowledge of such conveyance. We apprehend that the fact that the subsequent conveyances were not recorded until some time after their execution and delivery is of but little importance, and that the vital question is, What was the effect of the filing of the

transcript of the judgment against Irwin, under the circumstances above set forth?

It appears to us that this question has been settled definitely by a number of decisions in this state, commencing with the case of *Swarts v. Stees*, 2 Kan. 241. In that case, in determining the rights of a judgment lien-holder and the holder of an unrecorded prior mortgage, the court says: "They [judgment lien-holders] are not 'purchasers.' Their lien is upon the 'lands and tenements of the debtor,' and not upon lands and tenements not in fact belonging to him." When Todd, Booth & Co. purchased at sheriff's sale, they only obtained the interest, if any, which their judgment debtor had in the property. The questions involved in this case were carefully considered in the case of *Holden v. Garrett*, 23 Kan. 98, and an able and exhaustive opinion delivered thereon by Brewer, J. In the course of this opinion the following language is used:

"Again, it may be laid down as familiar law that a judgment creditor is not a *bona fide* purchaser. He parts with nothing to acquire his lien. He is in a very different position from one who has bought and paid, or has loaned on the face of a recorded title. The equities are entirely unlike. One has, and the other has not, parted with value upon the face of the record. If the real prevails over the apparent title, the one is no worse off than before he acquired his lien — has lost nothing; while the other loses the value paid or loaned. Hence, equity will help the latter, while it cares nothing about the former. Further, in nearly every state in which an unrecorded mortgage has been postponed to a judgment lien, the statute has expressly declared that such a mortgage shall be void as against creditors; and the courts have laid stress upon this fact in their opinions."

It is true that the conclusion in that case was ar-

rived at with considerable hesitation, as is stated by the learned justice who delivered the opinion, but the doctrine therein announced has been followed and reaffirmed by our supreme court in a number of later cases, and has been established thereby as the proper rule in this state. In *Forwarding Co. v. Mahaffey*, 36 Kan. 152, the supreme court again reviewed the decisions upon both sides of these questions. That case presented a contest between an attaching creditor and the holder of a prior unrecorded mortgage. After citing approvingly from section 245 of Drake on Attachments the following language, "A fundamental principle is, that an attaching creditor can acquire no greater right in attached property than the defendant had at the time of the attachment," the court says: "In attaching the property he parts with nothing, and cannot in equity claim more than the person under whom he takes had a right to claim." The same doctrine is announced in as late a case as that of *Bowling v. Garrett*, 49 Kan. 504. These decisions make a plain distinction between a purchaser for value and a judgment creditor, and also between the decisions under the statutes of certain states which require the recording of an instrument in order to impart validity to the same and that of our state which does not go to that extent.

It is suggested by counsel for plaintiffs in error in his brief that the trial court did not find that the various conveyances through which the defendant in error claims title were warranty deeds, nor that the defendant in error was a *bona fide* purchaser. It is a sufficient answer to these suggestions that the court did not find to the contrary of these propositions, and we cannot here assume that defendant in error was not a *bona fide* purchaser, nor can we assume that the

deeds through which she claims title conveyed any less than the whole interest of those who executed them.

Perceiving no error, the judgment of the district court will be affirmed.

All the Judges concurring.