McCORMICK McKENNEY v. DIAMOND STATE LOAN ASSOCIA-
TION.

*Loan Associations—By-Laws—Withdrawals.*

The provisions in the by-laws of a loan association, requiring a stockholder to give·
one month's notice of his intention to withdraw, may be waived by the company,
and an oral notice accepted.

A person has the right to treat the by-laws given to him on his becoming a member of
the association as all the by-laws such association has, and he is not bound to
take notice of modifications of such by-laws, with respect to withdrawing, on
the record of the company simply, without further notice to him ; which notice
must be proven by the defendant company to have been given.

The plaintiff, a member of the association, having given verbal notice of his intention
to withdraw from the company, and the secretary of the company marking, in a
book kept for that purpose, "December 14, 1887, McKenney," and it being
proved that the company had theretofore acted upon such notice as a substantial
compliance with the requirement of the by-laws contained in the book given to
the plaintiff when he became a member, the company cannot set up another by-
law on its record, of which the plaintiff had no actual notice, to defeat plaintiff
in his action. Oral notice given to any one acting for the secretary in his ab-
sence, and at his place of business, would be as effectual as if given to the sec-
retary himself.

A withdrawing member of a loan association in failing circumstances is entitled to the
present worth of his stock, less fines, interest, and insurance due from him, as
provided by the by-laws, but not losses and expenses.

(*New Castle, December 18, 1889.*)

ACTION on the case as a withdrawing member of the defend-
ant loan association for amount due plaintiff.

In April, 1884, McKenney joined the Diamond Loan Asso-
ciation, taking five shares of stock. He paid on these shares $5 a
month from that date up to and including November, 1887, making
44 payments, amounting in all to $220. December 16, 1887, he
gave notice to the loan association of his intention to withdraw
from the association, and under the terms of article 16 of the

by-laws of the association, became entitled to receive " the amount actually paid in by him, less all fines, interest and insurance due from him, with average interest at the rate of 6 per cent. per annum ;" his claim, with interest being $271.25. The loan association refused to pay him, for the reasons :—*First,* that he had not given written notice, as required by the by-laws ; *Second,* at the time he gave notice the association was partially insolvent, and that he could not withdraw the amount paid in, with interest, but should bear his proportionate share of the losses and expenses, whatever that might be. Plaintiff proved by the secretary and treasurer of the association that he (plaintiff) gave him verbal notice of his intention to withdraw on the 14th of December; and that he noted plaintiff's name in the withdrawal book as of that date, and submitted it to the directors; that that was the usual and uniform method of giving notice acted upon by the board of directors. The Court refused to admit any testimony as to the insolvency of the institution, on the ground that, under the by-laws, the defendant corporation was entitled to deduct from the amount due him only fines, interest and insurance, and that losses and expenses did not come under any of these heads.

*Lore* and *Emmons,* for plaintiff.

*Johnson* and *Hayes,* for defendant.

COMEGYS, C. J., (*charging jury.*)

This, I believe, is the first action that has been brought for trial before this Court in relation to the by-laws of a company of the character of the present one. We have had many suits here connected with the law in relation with mechanic's liens,—that is, the building and loan associations as connected with those liens, or subject of liens,—and have passed upon them ; but this particular question, presented by this case, has never before been offered to the Court for adjudication ; and it is a very interesting case,—much

more so than I had any idea of at the time it was opened to you and to the Court,—on account of the numerous questions of law—and some of them, in fact, most of them, very nice and delicate questions—which characterize it. I regret very much that we have not had more time to consider the questions of law in this case ; but the exigencies of a jury trial demand that the Court shall be prepared, when it is submitted to a jury by the counsel, and their arguments are concluded, to deliver an opinion to the jury, leaving to the counsel on both sides the right, if they see proper to exercise it, of taking such parts of the charge as they think do not correctly lay down the law, and of the questions arising, and have them debated and decided by the highest court in the State,—the Court of Appeals. This suit is brought by the plaintiff, who treats himself as a withdrawing member of the Diamond State Loan Association, to recover from the company what, according to his case as presented here, he is entitled to receive as a withdrawing member. The amount, I understand, that he paid in as his monthly dues, and interest upon them from the time of payment, aggregated, up to yesterday, $272.25. The learned counsel for the defense, in this case, have submitted certain propositions of law to the Court which they ask us to instruct you upon. I will read them, and then the answers to them give to you.

" *First.* To enable the plaintiff to withdraw from the defendant corporation, under the provisions of one of its by-laws, he must strictly comply with the requirements and formalities of the by-laws.

The answer to that is this : That, although by the by-laws ·of the company, notice in writing of the intention of a stockholder ·to withdraw from it shall be given, yet such form of notice could be waived by the company, and a merely verbal one accepted for that purpose.

" *Second.* That, to enable the plaintiff to recover in this action,

he must prove to the satisfaction of the jury that he gave notice of his intention, in writing, at a previous monthly meeting, to the board of directors, to withdraw from the defendant corporation."

The answer to that is this :   That, by the list of by-laws given to the plaintiff at the time he became a member, for his information with respect to them, there was no requirement that the notice should be given at a monthly meeting, and that the plaintiff is not to be held bound to take notice of modification of the by-laws, with respect to withdrawing, contained in any record of the company simply, because, by his membership, he had the right to treat the by-laws handed to him on his becoming a member of the company as all the by-laws such company had, without further notice to the former, which further notice is not to be treated as being had by him, without proof, and no such proof has been given.

*Third.*  That, if the jury believe that the verbal notice given by the plaintiff to the boy, Maris, and by him noted in a book, as follows :  ' December 14, 1887, McKenney,'—was the only notice given to the defendant corporation of his intention to withdraw, such notice is not the written notice required by the by-laws of said defendant corporation, and the plaintiff cannot recover."

The answer to that is that, though the entry of the plaintiff's name, as shown here in the book of the company, was in itself no complyance with the requirement of the by-law about notice, yet, if the jury believe, from the evidence given by the former secretary of the company, that such company had theretofore acted upon such form of notce, as a substantial requirement with the by-law in the book offered by the plaintiff as that given him as aforesaid, the defendant cannot set up another by-law on his record, of which no actual notice was given to the plaintiff, and of which he had no information, to defeat such plaintiff of his action in this case.   The delivery of that notice to any one acting for the secretary, in his ab-

sence, at his place of business, would be the same as if given to the secretary himself.

" *Fourth.* That, to enable the plaintiff to recover in this action, he must prove to the satisfaction of the jury that he previously gave to the board of directors one month's written notice of his intention to withdraw from the defendant corporation."

We instruct you that, if the jury are satisfied, from the proofs submitted by the plaintiff, that such notice as the plaintiff has offered proof of was that usually accepted and acted upon by the company as a requirement with the by-law contained in the book in evidence as having been handed to the plaintiff when he became a member of the company, then the company is to be held as having waived the formal notice designated by such by-law.

Those are our answers that we give to the prayers offered by the defendant ; and we state to you that if, upon a consideration of the case and the law as laid down to you, you find that the plaintiff is entitled to your verdict, he would be entitled to the sum of money which was named to you by the respective counsel, *i. e.,* $272.25, as being the amount of the dues that he paid into the company, and interest on them, and the whole, compounded together, with the interest upon the general compounded sum down to this time. If, on the contrary, you think that the plaintiff has not shown any right to recover by the proof that he has made in this case, then your verdict, as a matter of course, must be for the defendant.