CASE 112—PETITION EQUITY—FEBRUARY 15.

# United States Savings & Loan Company v. Scott.

APPEAL FROM BOYD CIRCUIT COURT.

A FOREIGN BUILDING AND LOAN ASSOCIATION ENGAGED IN DOING BUSINESS IN KENTUCKY will be permitted to charge no higher rate of interest than is chargeable under the laws of this State; and while by the law of comity the charter of such a corporation will be recognized here as the law of its existence, it is the charter alone which is recognized, and not the general legislation of the country of its domicile with reference thereto, or the construction of its charter

provisions by the foreign courts. Moreover, where such a corporation employs the usual agencies to solicit and transact business in this State and contracts for the payment of premiums and interest in excess of the rate authorized here, the transaction will be denounced as an attempted evasion of our laws, whatever may be the nominal rate specified or artifice adopted; and this though it be specifically provided that the contract is made with reference to the laws of the foreign State, and though the loan be made payable in the foreign State.

F. H. EWING FOR APPELLANT.

1. The contract in this case being solvable in Minnesota and made by the parties with express reference to the laws of Minnesota is a Minnesota contract.

Where a contract is made in one State to be executed in another State the contract can be enforced in reference to the rate of interest charged in either State, provided the terms so express it, without incurring the penalties of usury. (Hunt, executor, v. Hall, 37 Ala., 702; Andrews v. Pond, 13 Pet., 77, 78; Harrick v. Andrews, 9 Porter, 9; Cubbedge, &c., v. Napier, 62 Ala., 522; DeWolf v. Johnson et al, 10 Wheat, 367; 1 Randolph on Commercial Paper, sec. 46; Goodrich et al, v. G. W. Williams, 50 Ga., 425; Story on Promissory Notes, sec. 167; Tiedeman on Commercial Paper, sec. 511; Tyler on Usury, p. 79; Scott v. Perlee, 39 Ohio St., 63; Miller v. Tiffany, 1 Wall, 298; Chapman v. Robinson, 6 Paige, 627; Peck v. Mayo, 14 Vt., 33; Wiswall v. Campbell et al, 93 U. S., 347; Story on Conflict of Laws, secs. 279, 280, 291 and cases cited; Cromwell v. County of Sac, 96 U. S., 62; 3 Am. and Eng. Enc. of Law, 543, 544 and cases cited.)

The appellant being a corporation organized under the laws of the State of Minnesota must make all its contracts with reference to those laws. (Canada Southern R. Co. v. Gebhard, 109 U. S., 537, 538; Railroad v. Koontz, 104, U. S., 12; Rele v. Rundle, 103 U. S., 226; Paul v. Virginia, 8 Wall, 168.)

The general rule is that contracts made in one place to be executed in another are to be governed by the laws of the place of performance. (Story on Conflict of Laws, sec. 280 and cases cited in note; *Idem*, sec. 291 and note; sec. 293 and cases cited; *Idem*, sec. 304; 2 Parsons on Contracts, pp. 583, 584; 2 Kent's Comm., secs. 459, 460; Lloyd v. Guilbert, 6 Best & S. 100; Central Trust Co. v. Burton, 74 Wis., 329; Robinson v. Vland, 1 W. B. U., 234, 256, 258; 2 Burr, 1077, 1078; Fanning v. Consequa, 17 Johns. Rep., 510; Chapman v. Robertson, 6 Paige, 627; Stevens v. Gregg, 12 S. W., Rep., 775; Cox v. United States, 6 Pet., 72; Miller v.

United States Savings & Loan Company v. Scott.

Tiffany, 1 Wall, 310; Arrington v. Gee, 5 Ired. Law, 594; Morris
v. Hockaday, 94 N. C., 289; Jones on Mortgages, 656; 1 Addison
on Contracts, star page 197; North Hampton Live Stock Ins. Co.
v. Tuttle, 40 N. J. Law, 476; Bell v. Packard, 69 Mo., 105; Towns-
end v. Riley, 46 N. H., 300; Kilgore v. Dempsey, 25 Ohio St., 413;
Thornton v. Dean, 45 Am. Rep., 799; Brown v. Todd's Adm'r, 16
Ky. Law Rep., 697.)

2. In cases of this sort it will make no difference that the due per-
formance of the contract is secured by a mortgage or other se-
curity upon property situated in another country where the inter-
est is lower. (Cope v. Alden, 52 Barb., 352; Mills v. Wilson, 88
Pa. St., 118; Chase v. Dow, 47 N. H., 405; Kavanaugh v. Day, 10
R. I., 393; Story on Conflict of Laws, sec. 293; Boyle v. Zacherie,
6 Pet., 635; Story on Conflict of Laws, 287; Charter Oak Life Ins.
Co. v. Sawyer, 44 Wis., 387; Central Trust Co. v. Buxton, 43 N. H.,
141; 3 Kent's Comm., 460; Cope v. Wheeler, 41 N. Y., 303; Newman
v. Knight, 21 Wis., 339; Mills v. Wilson, 88 Pa., 118.)

JOHN H. MASON ON SAME SIDE.

1. The contract was not in violation of the statute prohibiting usury.
(Endlich on Building Associations, Par., 93-98, 128-134, 152 et seq.,
156, 169, 175, 326, 335, 337, 354, 356, 371, 374-5.)

2. The contract is to be construed and governed by the laws of the
State of Minnesota which expressly sustain its legality and free-
dom from usury. (Perley's Law of Interest, p. 187; Tyler on
Usury, p. 79; 3 Am. and Eng. Enc. of Law, 543, 544; Rawlings v.
Lartin, 4 J. J. Mar., 238; Gordon v. Phelps, 7 J. J. Mar., 619;
Thomas v. Beckman, 1 B. Mon., 29; Gray et al, v. Briscoe, 6
Bush, 690; Stevens v. Gregg, 89 Ky., 461.)

The taking of foreign security does not alter the locality of the
contract. (Tyler on Usury, 89; DeWolf v. Johnson, 10 Wheaton,
367.)

3. The plea of usury is not encouraged, and all doubts should be re-
solved against it. (Tyler on Usury, p. 463; Perley's Law of In-
terest, p. 278.)

L. T. EVERETT FOR APPELLEE.

1. The transaction in this case was usurious. (Herbert v. Kenton
Building, &c. Association, 11 Bush, 296; Gordon v. Winchester
Building Association, 12 Bush, 110; 2 Parsons on Contracts, star
page 123; Idem, p. 385.)

2. It is not distinctly averred that the place of performance of the
contract was elsewhere than in Kentucky where made. The omis-

sion of the answer to distinctly plead the fact is not cured by the omitted fact appearing in an exhibit.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

A foreign building and loan association engaged in doing business in Kentucky will be permitted to charge no higher rate of interest than is chargeable under the laws of this State; and, while by the law of comity the charter of such a corporation will be recognized here as the law of its existence, it is the charter alone which is recognized, and not the general legislation of the country of its domicile with reference thereto, or the construction of its charter provisions by the foreign courts.

Moreover, where such a corporation employs the usual agencies to solicit and transact business in this State, and contracts for the payment of premiums and interest in excess of the rate authorized here, the transaction will be denounced as an attempted evasion of our laws, whatever may be the nominal rate specified or artifice adopted; and this, though it be specifically provided that the contract is made with reference to the laws of the foreign State. Such a provision only makes the intent to evade the more manifest.

The principles underlying these conclusions are fundamental and require no citation of authority.

In the case at hand, appellee, a resident of Boyd county, Ky., in November, 1890, applied for admission and was accepted as a member of the appellant, a building and loan association having its situs in Minnesota, and also applied for a loan of $800. The loan was made in December of the year named and secured by a mortgage on real estate in Boyd county. The note therefor was dated at St. Paul, was payable at the office of the company's treasurer at Minneapolis, and contained the express provision: "This note is under-

stood to be made with reference to and under the laws of the State of Minnesota."

To discharge this debt the appellee paid to the appellant in premiums, fines and interest, from the date of the loan to August 25, 1892, the sum of $260, and upon that date the further sum of $806.38. or $186.38 more than the principal sum and six *per centum* interest per annum thereon.

To appellee's suit to recover back this sum the appellant answered, first, that the contract was made with reference to the laws of Minnesota, where the collections of the premiums, interest, etc., exacted of the appellee were authorized by express statutory provision; and second, if it was not a Minnesota contract, but a Kentucky one, it was yet not usurious.

It is manifest that the first contention falls within the principles already announced, and the loan must be treated as a domestic one. (Morawetz Private Corp., second edition, sections 964 and 967; Hitchcock v. United States Bank, 7 Ala., 435; 8 Am. & Eng. Ency. Law, page 334, and cases there cited.) And when so regarded it must be held usurious under the decisions of the court construing such contracts prior to the statute now in force in the cases of Henderson B. & L. Ass'n v. Johnson, &c., 88 Ky., 191, and cases there cited.

The demurrer to the answer was properly sustained and the judgment is affirmed.