PEOPLE'S BUILDING LOAN AND SAVING AS-
SOCIATION, a Corporation, and H. L. GROES-
BECK, Appellants v. OTIS E. FOWBLE, MARY
BOREMAN, GILBERT F. BOREMAN, and JA-
COB S. BOREMAN, Respondents.

*Appeals—*

No appeal lies from a judgment of the district court entered in
substantial compliance with the mandate of the appellate court.

(Decided December 12, 1898.)

Appeal from the District Court of Weber County, Hon.
H. H. Rolapp, *Judge*.

Appeal from a judgment entered in accordance with the
mandate of the appellate court. *Appeal dismissed.*

*Valentine Gideon, Esq.*, for appellants.

*H. H. Henderson, Esq.*, and *G. F. Boreman, Esq.*,
for respondents.

The respondents, Mary Boreman and Gilbert F. Bore-
man object to the right of appellants to be heard on the
appeal and move the court to dismiss the appeal upon the
following grounds, to wit:

1st.   For the reason that an appeal does not lie from
the order of the District Court made and entered therein
on August 5, 1898, overruling and denying appellants'
motion to set aside the sale of real estate made by the
sheriff of Weber County to plaintiff on February 4, 1898,
and to cancel the certificate of sale issued by said sheriff.

2d.   For the reason that the judgment and decree
entered by said district court on August 5, 1898, in said

action is in accordance with the remittitur and decision of the Supreme Court filed in said District Court on July 16, 1898.

With respect to the first point it is sufficient to say that the order therein mentioned and from which appellants herein have appealed, is not a final judgment within the meaning of our statute governing appeals, nor within the meaning of the decisions of this Court upon that subject. The final judgment in this action and the only judgment from which an appeal would lie, is the judgment entered by the District Court and which is in accordance with the mandate of the Supreme Court on the former appeal. *Eastman* v. *Gurrey*, 14 Utah, 169.

With respect to the second point the Court will see that the judgment of the lower court has been entered in accordance with the mandate of the Supreme Court; therefore respondents ask that appellants appeal be dismissed. *First National Bank* v. *Lewis*, 13 Utah, 508.

### APPELLANTS' REPLY.

Considering the first ground for dismissal respondents insist that the ruling of the Court on that question is not a final judgment within the meaning of our statute.

This Court has said, "In determining whether the order is appealable we must consider its effect upon the right of the parties rather than the stage of the litigation at which it is made." *Ogden City* v. *Waterworks*, 52 Pac. 698.

"The right of appeal is not confined to judgments upon which an execution may issue. It extends to any final determination of an action whether by order of the court or a technical judgment." Enc. of Pleading & Prac., Vol. 2, p. 55; *Belt* v. *Davis*, 1 Cal. 137; *Zola* v. *Mc-Donald*, 23 Cal. 126.

As to the second ground it will be admitted that if the

judgment as entered by the lower court is not in accordance with the mandate of the Supreme Court this appeal should be considered on its merits. *Krantz* v. *Railway Co.*, 13 Utah, 1; *First National Bank* v. *Lewis*, 13 Utah, 508.

BARTCH, J.

This action was originally brought to foreclose a trust deed on certain property situate in Ogden City, Utah. At the trial foreclosure was decreed and judgment entered against the defendants for $1,860, with interest thereon from a certain date, and for certain sums paid by the plaintiff for taxes and insurance, and for counsel fee. In rendering that judgment the court refused to credit the defendants with certain monthly payments of premium amounting to $512.50, having regarded them as belonging to the association, and as not received in extinguishment of the debt. Pending an appeal from the judgment to this court, it appears the property, covered by the trust deed, was regularly sold in pursuance of the decree, and purchased by the plaintiff association for the full amount of the judgment. On appeal it was insisted for the apellants, that the $512.50 paid in monthly instalments, as premium, should have been allowed by the court as a credit on the principal sum borrowed, and this court held that the same should have been so applied.

In deciding and remanding the case, it was said: "From the foregoing considerations, we are of the opinion that the defendants are entitled to credit on the debt for the $512.50, paid as premiums on the stock for the loan, and that the court erred in not allowing the same. We do not deem it necessary to discuss the other questions presented. The case must be remanded with direc-

tions to the court below to enter judgment in accordance with this opinion and set aside its former judgment."

Thereafter a remittitur was set down, and, in pursuance of the mandate of this court, the court below set aside its former judgment and entered a new one, denied the motion of plaintiff to set aside the sale made under the former judgment, and refused to enter judgment in form requested by the plaintiff. Thereupon the plaintiff appealed from the judgment so entered, and from the order denying the motion to set aside the sale and refusing to enter judgment in form as requested by the plaintiff.

The respondent, in the first instance, objects to the appellant being heard on this appeal, among other things, on the ground that no appeal lies from a judgment entered in accordance with the mandate of the appellate court.

Upon an examination of the judgment entered and of the various orders of court denying motions of appellants we are of the opinion that the objection is well taken. There was no question made in this court, respecting the sale, which, it appears, was made pending the appeal at the instance of the appellant, and no sufficient reason appears for setting it aside nor was there any direction of this court to the court below to do so. The only material question affecting the judgment on the former appeal was that respecting the $512.50, and the effect of our decision and mandate was that the judgment of the court should be so modified as to credit that sum as a payment on the debt.

The judgment entered is a substantial compliance with the mandate of this court, and therefore no appeal lies therefrom.

18 Utah—14.

A similar question to the one here considered was determined in the case of *Krantz* v. *Rio Grande Railway Co.*, 13 Utah, 1, and on the authority of that case the appeal herein must be dismissed, and the judgment of the court below affirmed, with costs. It is so ordered.

ZANE, C. J. and MINER, J., concur.