THE MUTUAL HOME AND SAVINGS ASSOCIATION, ETC., v. FELIX WORZ *et al.*

No. 13,254.   (73 Pac. 116.)

SYLLABUS BY THE COURT.

1. BUILDING AND LOAN ASSOCIATIONS— *Usurious Loan.* Where the controlling statute requires that directors of building and loan associations hold stated meetings at which loans of money shall be offered to all the members in open meeting, and that the shareholder who bids the highest for the preference or priority be entitled to receive the loan, any loans made without competitive sales as required, the premiums being fixed by arbitrary rule, are illegal, and the premiums, dues and charges in excess of legal interest will be deemed usurious.

2. ———— *Missouri Statute.* In the absence of proof to the contrary, the statute of Missouri relating to usury will be presumed to be similar to the statute of this state.

Error from Wyandotte district court; E. L. FISCHER, judge.   Opinion filed July 10, 1903.   Affirmed.

*Vinton Pike*, for plaintiff in error.

*Junius W. Jenkins*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by the Mutual Home and Savings Association against Felix Worz and his wife to recover on a certain

bond and mortgage executed by them for the sum of $900, on which there was alleged to be due $762.56, with interest at the rate of six per cent. from March 1, 1899.   The loan was alleged to have been made to. Felix Worz as a shareholder in the association.   He denied that he was a shareholder, and alleged that if any stock was issued to him in the association it was not done in good faith, but for the sole purpose of making the loan.   It was also alleged by the defendants that they were induced by false and fraudulent representations to borrow the money, and that the contract under.which the loan was made was usurious, and that by reason of that fact and the payments already made there was nothing due to the association.   A trial before a jury resulted in favor of the defendants.

The principal errors brought to our attention are raised on the instructions given and refused by the trial court.   There was testimony introduced tending to show that the transaction between the parties was a mere loan and that the issuance of stock to Worz was no more than a matter of form and fiction.   If it was no more than a loan, and the membership arrangement was made as a guise to the obtaining of a usurious charge for. the use of the money, the only relation between the parties was that of creditor and debtor. (*Building Association v. Thompson*, 19 Kan. 321; *Savings Association v. Kidder*, 9 Kan. App. 385, 58 Pac. 798.)

Passing, however, the sufficiency of this evidence or the right to insist upon this defense, and assuming that Worz actually became a member at the outset, we will take up the charge of usury.   The corporation. was organized under the laws of Missouri, and, having failed in 1897, it is closing up its business.   The

statute under which it was organized prescribes the manner in which money may be loaned as follows :

"The directors of the corporation shall hold stated meetings, at which such sums of money as they may determine shall be offered for loan to all the members in open meeting. The shareholder who shall bid the highest for preference, or priority of loan, shall be entitled to receive a loan," etc.

The premiums, dues and extra charges cannot be brought within the protection of the building and loan association privilege and exempted from the charge of usury unless there is free and open competition between the borrowing shareholders. The rule is that if there was no bid and no competitive sale at an open meeting there can be no lawful premium. It has also been held that any attempt to establish and enforce a provision as to a fixed minimum premium, determined by arbitrary rule instead of by competition, cannot be enforced against the borrower. The proof here shows that there was no competitive bidding at an open meeting, such as the statute requires, and the courts of Missouri, in passing upon that statute, have expressly ruled that the loaning of the money without competitive bidding at an open meeting of the shareholders, and the fixing of an arbitrary rate or premium, below which the borrowing shareholders cannot obtain the money, are in violation of the statute and are, therefore, subject to the usury law. (*Brown v. Archer*, 62 Mo. App. 277, 289 : *Moore v. Building & Loan Ass'n*, 74 id. 468 ; *Price v. Empire Loan Ass'n*, 75 id. 551 ; *Sappington v. Loan Co.*, 76 id. 242. See, also, *Building Association v. Thompson*, supra ; Endl. Build. Assoc., 2d ed., 376.)

Aside from the fact that there was no open compe-

tition for the loan as the law required, the association had a by-law which provided that "loans may be made at any time by the secretary and cashier, at a premium not less than the average premium for the last three months," thus authorizing and fixing arbitrarily a minimum premium at which loans could be made by those officers.  In *Moore v. Building and Loan Association*, supra, it was expressly held that a by-law fixing a minimum premium at which loans will be made is illegal and the premiums thereunder are usurious.  It follows that the contract made between these parties was not exempt from the operations of the usury law, and the question remaining is as to whether the payments made were sufficient under the law to discharge the obligation.

On the part of the association, it is claimed that there was no proof as to the statute law of Missouri relating to interest or usury.  The testimony tends to show that the contract was made in Kansas, and, as has already been seen, the mortgage given to secure the debt was on real estate situated in Kansas ; and being enforceable in Kansas, the laws of the state would ordinarily apply.  Assuming, however, that it is a Missouri contract and governed by Missouri law, we must, in the absence of proof, presume that the laws of Missouri are similar to those of this state.  Measuring, then, the excess charges of the contract and the payments made by the debtors thereon by our usury statute, the debt appears to have been fully discharged.

The objections based on the refusal of instructions requested are not available here, as the requests were not signed by the party asking them, as required by the code.  The instructions given in the case fairly

Mining Co. v. Robinson.

presented the law, and the views herein expressed fairly dispose of the material questions raised on the charge of the court.

The judgment of the district court will be affirmed.

All the Justices concurring.