No. 34,028

THE CENTRAL STATES BUILDING AND LOAN ASSOCIATION, *Appellee*, v. A. B. BITLER et ux., *Appellants*.

(87 P. 2d 631)

Opinion filed March 4, 1939.

*I. T. Richardson*, of Emporia, for the appellants.

*A. V. Roberts, Benjamin F. Hegler, Roger P. Almond* and *Verne Roberts*, all of Wichita, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This action was upon a promissory note given by defendants to the plaintiff, and to foreclose a mortgage given to secure the note. The trial court rendered judgment in favor of plaintiff, and defendants bring this appeal.

The appeal presents a single question. The plaintiff is a building and loan association. The note sued on represented a loan made by plaintiff to defendants. The statute required the note to be secured by a mortgage and a transfer and pledge of the shares of stock of the borrowing member in the association. Defendants contend the stock certificate was not issued to defendants, and was not assigned or pledged as collateral security as required by the statute.

Our statute, G. S. 1935, 17-1006, provides:

". . . There shall be issued to every shareholder a certificate signed by the president and secretary of the corporation, and evidenced by its corporate seal, setting forth distinctly and clearly the class of stock for which he has subscribed, and the provisions in the bylaws relating to stock of the class, the dividend which it may draw, and the withdrawal value which it may have at any time, . . . Such a certificate shall be deemed in all courts of justice to be a contract between the corporation and the shareholder, and shall determine at all times the liability of the corporation to the holders of its shares. It shall be subject to a lien in favor of the corporation for the payment of unpaid installments, fines and other charges incurred thereon under the provisions of the charter and bylaws. . . ."

Our statute, G. S. 1935, 17-1011, provides:

"For every loan or advance made, a note, or bond, and mortgage shall be given, which shall be nonnegotiable and nonassignable, and shall be a first lien on real estate, except taxes and special assessments, and except the prior liens held and owned by the association, and shall be accompanied by a transfer and pledge of the shares of stock of the member, or members, so obtaining a loan or advance: . . . Said shares so transferred and pledged shall be held by the corporation as additional or collateral security for the performance of the agreements, covenants and conditions of said note or bond and mortgage. Said note or bond and mortgage shall recite and set forth the number of shares transferred and pledged by the particular shareholder so borrowing, and the amount of money advanced thereon, and shall be expressed to be conditioned for the payment, to the corporation, of the dues on the number of shares so pledged and advanced upon and the interest upon the loan or advance for which said shares are pledged and said note or bond and mortgage given, together with all fines chargeable upon arrears of such payment, until said shares shall reach the ultimate value thereof or said loans shall be otherwise sooner canceled and discharged: . . ."

Defendants' application for a loan specified that the property known as 831 Chestnut street, in Emporia, Kan., was offered as security, "and in addition thereto twenty-five shares of the loan stock of the association." The application further provided that should the loan be granted the applicants "agree to comply with all the requirement of the charter and bylaws of the association."

The note was drawn in accordance with G. S. 1935, 17-1011, above quoted, and was executed by defendants. It recites, "for value received, on maturity of the stock hereby pledged" defendants promised to pay plaintiff $2,500, "the same being the amount of an advance or loan made to us this date, by said association, on $2,500 of the capital stock of said association held by us and represented and evidenced by certificate No. 825." The note further recited, "and we hereby pledge and assign, transfer and deliver to said association, as collateral security . . . the capital stock of said association evidenced by the above-mentioned certificate . . ." Also, "this note is secured by deposit of stock and real-estate mortgage."

The secretary of the plaintiff building and loan association identified stock certificate No. 825 as the certificate that was issued to defendant A. B. Bitler, and as the same certificate referred to in the note and mortgage. The note executed by defendants refers to the capital stock "held by us and represented and evidenced by certificate No. 825." The contention of defendants that the stock certificate was not issued as required by the statute cannot be sustained. When a nonmember of the association applies for a loan, the statute provides that a note and mortgage shall be executed by the borrower, and that a stock certificate shall be issued by the association to the borrower, and that the certificate shall be transferred and pledged as collateral security. It is admitted that the certificate was made out in due form and that it was deposited in the loan files. A physical delivery of the certificate into the hands of the shareholder, and a manual transfer back to the association was not necessary. Delivery, in the modern acceptation of the term, means the manifestation of an intention that the instrument in question shall have operative effect however that intention may be indicated. We have so held as to the delivery of deeds (*Doty v. Barker,* 78 Kan. 636, 97 Pac. 964; *Smith v. Dolman,* 120 Kan. 283, 243 Pac. 323), and as to stock certificates (*Barnhouse v. Dewey,* 83 Kan. 12, 109 Pac. 1081), and this is the doctrine of the text

writers. (Tiffany on Real Property, § 461; 1 Bogart on Trusts, § 147.) From the record we are clear that the certificate of stock was duly issued, and duly pledged as required by the statute. The various acts embraced one entire transaction.

Our attention is called to *Savings Association v. Worz,* 67 Kan. 506, 73 Pac. 116, and *Loan Association v. Forter,* 68 Kan. 468, 75 Pac. 484. Those cases were governed by different statutes. We do not think these decisions are of controlling importance in the case before us.

As no other errors are complained of, the judgment must be affirmed. It is so ordered.