LOU K. MCCALLA v. THE KNIGHT INVESTMENT COMPANY et al.

No. 15,398. (94 Pac. 126.)

JUDGMENTS—*Execution Sale—Prior Unrecorded Deed—Privity of Liens.* A sale under execution conveyed only such title as the judgment debtor had in the real estate when the judgment lien attached, and the judgment creditor was not an innocent purchaser.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed February 8, 1908. Affirmed.

*Kos Harris,* and *H. G. Ruggles,* for plaintiff in error.

*David Smyth,* and *A. E. Helm,* for defendants in error.

*Per Curiam:* McCalla brought an action of ejectment, claiming under a sheriff's deed. The judgment upon which the execution issued was rendered February 11, 1901. The judgment debtor conveyed all his

interest in the real estate to the Knight Investment Company October 26, 1898. The conveyance was not recorded until after the levy of the execution and sale of the real estate by the sheriff. The sole controversy involves the priority of the judgment lien as against an unrecorded deed executed before the rendition of the judgment. The trial court rightly held that the sale under execution conveyed only such title as the judgment debtor had in the real estate at the time the judgment lien attached, and that the judgment creditor was not an innocent purchaser. (*Harrison & Willis v. Andrews,* 18 Kan. 535; *Holden v. Garrett,* 23 Kan. 98; *Bowling v. Garrett,* 49 Kan. 504, 518, 31 Pac. 135, 3 Am. St. Rep. 377; Civ. Code, § 419; Gen. Stat. 1901, § 4868.) The judgment is affirmed.