Kuhn v. Johnson.

# JANUARY TERM, 1914.

*PRESENT:*

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. CLARK A. SMITH,
Hon. SILAS W. PORTER,        } Justices.
Hon. ALFRED W. BENSON,
Hon. JUDSON S. WEST,

No. 17,885.

W. D. KUHN, as Guardian, etc., *Appellant,* v. PETER JOHNSON et al., Partners, etc., et al., *Appellees.*

HEADNOTE BY THE REPORTER.

1. EQUITABLE ACTION—*Neither Party Entitled to Jury.* An action for the cancellation of certain notes, mortgages, and deeds on the ground of mental incapacity of one of the parties thereto and involving the restoration of money and property was an equitable action and neither party was entitled to a jury trial.

2. EVIDENCE—*Excluded—When Ruling on Same is Reviewable.* A party who wishes to avail himself on appeal of a ruling excluding offered evidence, or want of fair opportunity to produce evidence, must produce such evidence on a motion for a new trial.

Appeal from Jackson district court; OSCAR RAINES, judge. Opinion filed January 10, 1914. Affirmed.

*J. J. Schenck,* of Topeka, *E. R. Sloan,* and *Guy L. Hursh,* both of Holton, for the appellant.

*A. E. Crane, F. T. Woodburn, E. D. Woodburn,* and *Charles Hayden,* all of Holton, for the appellees.

*Per Curiam:* The action was not one for the recovery of money. It was an action to rescind a transaction on the ground of mental incapacity, involving restoration on both sides, including money to the plaintiff, the cancellation of instruments, and other equitable features. Therefore a jury trial was properly denied.

It is not practicable and would be unprofitable to discuss one by one the various assignments of error, although they have all been examined.

Many of the objections to evidence which was excluded were well founded. Matters like the Texas trip, the condition of mind of Oswald E. Thieme's mother, and his conduct on several occasions were investigated with sufficient fullness, and the evidence concerning them which was rejected would not have changed the result. The rulings relating to evidence excluded as not proper cross-examination were correct. Such evidence extended to matters and occasions not "directly connected with the facts testified to in chief." (*Blake v. Powell*, 26 Kan. 320, 326.) If, however, the testimony were regarded as important by the plaintiff, he should have made the witnesses his own, or asked later to open the case to admit the evidence as a part of his case in chief, or at least have presented the evidence to the court for consideration on the motion for a new trial. The last observation meets all the assignments of error relating to excluded evidence. It may be conceded that the court might well have been more liberal in its rulings. Still, if the plaintiff believed that the rejected evidence ought to have been considered, and that if considered it would probably have changed the result, he should have gathered it up and presented it to the court at the hearing on the motion for a new trial when the court was finally determining whether or not the decision was wrong. (Civ. Code, § 307.) When this is not done claims of error in the exclusion of evidence at the trial are waived.

The findings of fact cover all the essential facts in the case. The findings are not inconsistent with each other. Those upon which the plaintiff relies as showing an abnormal mental condition must be considered with others, such as findings 24 to 30, inclusive, and when so considered they do not overcome and do not conflict with the very direct, positive and explicit findings numbered 38, 39, 40 and 41. The findings show that the court considered the evidence in the light of the law governing the case, which was clearly comprehended, and its conclusions are abundantly sustained. The case is one depending entirely upon the solution of a question of fact. All the material testimony was oral. Its weight and credibility and the inferences to be drawn from it were matters for the trial court to determine. The court appears to have fairly and candidly performed its function as a trier of the facts, and no reason which the law deems sufficient appears authorizing this court to disturb the result.

The judgment of the district court is affirmed.