No. 19,892.

WILLIAM H. EMERY, *Appellant*, v. THE FARMERS STATE BANK et al., *Appellees*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE — *Principal and Surety — Character of Judgment against Surety—Laches*. Under section 464 of the civil code, one who has signed an instrument as surety is entitled to show in an action brought thereon that he signed as surety only, and have a judgment certifying that to be his relation to the other parties to the instrument, and that the judgment so entered shall be satisfied from the property of the principal debtor, so far as it can be done, before seizing the property of the surety to satisfy the balance of the judgment, but the application to have his relation to the parties determined and the judgment accordingly entered should be made before the final judgment is entered.

2. SAME—*Application to Have Judgment Modified—Application Denied—Res Judicata*. A judgment rendered without a determination whether any of those jointly and severally bound upon an obligation is a surety, may be opened up and modified so as to show who is principal and who is surety, upon any of the grounds provided in the code for opening up and modifying judgments, and where the question has been submitted and determined by the court and no appeal is taken from its decision, a party is not entitled to have it reconsidered and redetermined in another action.

3. JUDGMENT LIEN—*Attaches Only to Debtor's Interest in Land*. A judgment lien does not attach to any interest greater than the judgment debtor possessed in the land when the judgment was entered, and if the judgment debtor has transferred his entire equitable estate in land to a third person before the rendition of the judgment and nothing remains in him except the naked legal title, the judgment does not become a lien upon such land.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed February 12, 1916. Affirmed.

*A. J. Freeborn,* of Washington, *John Heasty,* and *W. H. Barnes,* both of Fairbury, Neb., for the appellant.

*J. W. Rector,* and *Edgar Bennett,* both of Washington, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by William H. Emery to enjoin the Farmers State Bank from selling property of his which had been levied upon to satisfy a judgment rendered in favor of the bank against Emery and Edgar Bennett. The judgment was based on a promissory note for $1000 signed by Emery and Bennett. Personal service was obtained upon both Emery and Bennett when the action upon the note was begun, but neither of them made any defense, and on June 2, 1914, judgment was rendered against both of them by default. On June 16, 1914, an execution was issued upon the judgment at the instance of the bank, and thereupon Emery filed a motion in the case asking for a modification of the judgment on the ground that he was only a surety on the note, and that the bank had acted fraudulently in taking judgment against both signers as principals. The motion came on for hearing August 13, 1914, and upon the showing made the motion was denied. No appeal was taken from the decision on the motion and it has never been modified or reversed. Shortly afterwards the bank procured the issuance of an alias execution, which was levied upon real estate of Emery, and on September 8, 1914, he brought this injunction action to prevent the sale of the land. On the trial the plaintiff offered his testimony, but the court, on a demurrer, held that no ground having been shown by him for injunction, the temporary order was dissolved, and from this judgment he appeals.

Emery alleged and offered testimony to show that while he signed the note as though he were a principal, he was in fact only a surety and that this fact was known to the bank before judgment was taken against him. He also stated that the bank had released property of Bennett from the lien of the judgment, although he was insolvent and had no other property subject to be taken in satisfaction of the judgment. It appears that a separation occurred between Bennett and his wife, who is a daughter of Emery, and that in March preceding the ren-

dition of the judgment upon the note he contracted with his wife to convey to her two lots free and clear of incumbrance. Emery knew of this settlement and contract about the time they were made, which was months before the judgment on the note was rendered. After the judgment, and in order to make a clear conveyance to his wife, Bennett procured the bank to release the lien of the judgment on the lots by giving it a bond signed by his father and himself, binding them to pay any part of the judgment which the bank might lose by reason of the release of the lien upon the lots.

The ruling of the court refusing the injunction must be sustained. Plaintiff relies on section 464 of the civil code, which in effect provides that in cases where two or more persons execute an instrument and are jointly and severally bound, a party may show that he signed the instrument as surety and procure the entry of a judgment certifying who is principal and who is surety, and that an execution thereafter issued on such a judgment shall be levied upon the property of the principal debtor, and if his property is not sufficient to satisfy the judgment, a levy may then be made on the property of the surety to satisfy the balance of the judgment. Plaintiff had the opportunity to make the showing when the judgment was rendered against him, and although he was personally served with summons and knew that judgment was to be taken upon the note, he made no showing nor any appearance in the case. No reason is shown why the plaintiff did not appear and have his relation to the note and the terms of the judgment determined at that time. Summons was served upon him so that he might present any defense or secure any rights he might have in the premises. Every issue in the case and all the terms of the judgment, including the relation of the defendants to the note and to the plaintiff, should have been submitted to the court at that time, and the defendants served are as much bound by the judgment then rendered as if they had answered and made a defense in the action. When a final judgment is rendered it is ordinarily the end of the litigation as far as the plaintiff is concerned, but, of course, questions may arise between the defendants as to their relations to the obligation and their relative liability. (*Kupfer v. Sponhorst,* 1 Kan. 75.) The plaintiff calls attention to a case in Nebraska to the effect

that if a judgment is rendered against two parties one of whom is a principal and the other a surety, without having the relations of the parties to the obligation determined, the surety may come in after judgment and show his suretyship and have his relations to the creditor as well as his joint debtors determined. It would seem that the judgment in such a case might be opened up, modified and set aside according to the rules prescribed by the code, and in no other way, and it is not claimed that the plaintiff has brought himself within any of these provisions. If it were assumed that the judgment did not operate as a merger of the relation of principal and surety and that a party might come in after judgment and show that he is only a surety, it can hardly be contended, and the Nebraska case does not hold, that he can have more than one determination of the question. As we have seen, the plaintiff did apply to have the judgment modified and his suretyship established, setting up substantially the same grounds as were alleged in this action. His motion was denied and the decision still stands. Under no theory can it be held that he is entitled to have the question tried again and again, and especially when the decision invoked by him stands unreversed and unmodified.

One ground upon which the application for injunction is based is that the bank had released its lien on the lots of Bennett to the prejudice of the plaintiff. This ground can not be sustained, as it appears that Bennett had transferred the full equitable title he held in the lots to his wife, the daughter of the plaintiff, a considerable time before the judgment was rendered. This left in Bennett no more than a naked legal title, and this he had bound himself to convey. A judgment can not attach to a mere naked legal estate nor to any greater interest than the judgment debtor has in the land. The judgment creditor is not regarded or treated as a *bona fide* purchaser, nor does he acquire any interest in the property itself, but only a lien or preference over subsequently acquired interests in the property. (*Harrison & Willis v. Andrews,* 18 Kan. 535; *Holden v. Garrett,* 23 Kan. 98; *McCalla v. Knight,* 77 Kan. 770, 94 Pac. 126; *Brown v. Pierce,* 74 U. S. 205, 19 L. Ed. 134.)

It follows that the bank had no lien to surrender and that plaintiff therefore lost nothing because the so-called release of the lien was executed.

The judgment of the district court will be affirmed.