No. 25,277.

Herman Baumgarten, *Appellee,* v. C. M. Harding and Jesse L. Teeters, Sheriff, *Appellants.*

SYLLABUS BY THE COURT.

1. Injunction—*Promissory Note Indorsed to Third Party—Third Party Procured Judgment Against Maker and Indorser—Judgment Paid by Maker —Indorser Not Entitled to Contribution.* The maker of a promissory note for a valuable consideration is not entitled to contribution from the payee of the note who sold and indorsed it to a third party, and where the third party has procured judgment against both the maker and indorser and the maker has paid the judgment.

2. Same—*When and How Liability of Party Secondarily Liable on Promissory Note May Be Determined.* The indorser, or one who is secondarily liable on a promissory note, is entitled to have the fact of his secondary liability determined in an action by the indorsee against the maker and indorser,

and where there has been no such determination the indorser may enjoin the levy of an execution by the maker who seeks contribution.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed November 8, 1924. Affirmed.

*John Hartzler,* and *T. E. Stewart,* both of Goodland, for the appellants.
*E. F. Murphy,* and *E. E. Euwer,* both of Goodland, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one in injunction to prevent the sheriff from selling property under an execution. The defendants appeal from an order overruling their demurrer to plaintiff's petition.

Herman Baumgarten and M. H. Broschinski were partners operating the Golden Belt Garage. They sold a Dodge car to the defendant Harding, taking his note in payment therefor. They later sold and indorsed the note to the Goodland State Bank, which afterwards sued Harding, Baumgarten and Broschinski, against whom it procured judgment. Execution was levied against Harding, who paid the judgment. Harding then sought contribution from Baumgarten. He procured an execution to be issued against Baumgarten in the case in which the Goodland State Bank was plaintiff. To enjoin the levy of such execution Baumgarten brought this action. His petition sets out that Baumgarten and Broschinski were indorsers on the note and secondarily liable, while Harding was the principal; that judgment was rendered against Harding for the full amount of the note; that a motion for new trial, filed by Harding, was withdrawn; that Harding paid the full amount of the judgment and thereby discharged it; that payment of the judgment was payment and satisfaction of the note sued on, and that Baumgarten was in no wise indebted to defendant Harding. A general demurrer by Harding and the sheriff to the petition was overruled and they bring the case here.

The defendants contend that in the original action filed by the bank there was no showing that Baumgarten and Broschinski were liable only as indorsers, and that Harding, having paid the judgment, was entitled to contribution; that the original judgment in favor of the bank says nothing definite about the parties being principal and surety, or indorsers, or any other relation, except that of obligors, and that the question as to whether or not one of these parties is a surety is a question not yet judiciously determined. In support of

this contention they cite cases where a surety, having paid an obligation, was held entitled to recover from his principal. The authorities cited appear to have no application to the facts in the instant case. The defendants say that the relation of the plaintiff and the defendant Harding has not been judiciously determined; that there was no judicial finding that the plaintiff was secondarily liable. If this contention is correct it appears that there should be a determination of that fact. The plaintiff Baumgarten was entitled to have that matter determined in the original action filed by the bank. Since it was not determined there, the court may determine such action in the present case. The defendants cite *Emery v. Bank,* 97 Kan. 231, 155 Pac. 34, as supporting their theory that the present action will not lie. In that case one of the defendants sought to have an adjudication that he signed a note as surety only. The plaintiff took issue with him, which issue was decided in favor of the plaintiff, and from which decision the defendant did not appeal. When execution was later levied by the plaintiff against his property he sought, by injunction, to restrain the plaintiff from levying the execution. It was held by this court that the defendant was not entitled to have the matter reconsidered and redetermined in another action. It was said in the opinion:

"When a final judgment is rendered it is ordinarily the end of the litigation as far as the plaintiff is concerned, but, of course, questions may arise between the defendants as to their relations to the obligation and their relative liability." (p. 233.)

One who is secondarily liable on a note is discharged from liability by a release of the principal debtor by any act which discharges the instrument, whether by payment of the instrument itself of judgment in which the instrument has been merged, unless the holder's right of recourse against him who is secondarily liable is expressly reserved. (R. S. 52-902.)

The petition in the instant case alleged that the defendant Harding was primarily liable on the note in question; that the plaintiff was secondarily liable; that judgment had been duly rendered against the defendant Harding on the note, and that he had fully paid and satisfied the judgment. The petition stated a cause of action and the demurrer was properly overruled.

The judgment is affirmed.