# JANUARY TERM, 1925.

### PRESENT:

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. ROUSSEAU A. BURCH,  ⎫
Hon. HENRY F. MASON,     ⎪
Hon. JOHN MARSHALL,      ⎬ Justices.
Hon. JOHN S. DAWSON,     ⎪
Hon. W. W. HARVEY,       ⎪
Hon. RICHARD J. HOPKINS, ⎭

### No. 25,448.

T. C. Snodgrass, *Appellant,* v. S. A. Carlson et al., *Appellees.*

#### OPINION DENYING A REHEARING.

Appeal from Saline district court; Dallas Grover, judge. Opinion denying motion for a rehearing and for a modification of judgment filed December 20, 1924. (For original opinion of reversal see 117 Kan. 80, 230 Pac. 83.)

*Z. C. Millikin,* of Salina, for the appellant.

*C. W. Burch, B. I. Litowich, La Rue Royce, J. O. Wilson, J. H. Wilson,* and *Alex H. Miller,* all of Salina, for the appellees.

The opinion of the court was delivered by

Harvey, J.: Upon petition for rehearing questions are urged which were argued when the case was presented but not discussed in the opinion. We shall now consider them.

The appellee, the Planters State Bank, argues that in its answer it pleaded that plaintiff had waived his lien for the cash rent for 1922; that the evidence was not brought up, the appeal having been from findings of fact by the court; that the general judgment of the court was in favor of appellee; that there was no finding on the question of waiver; hence the general judgment must be construed as a judgment that the waiver pleaded was established by evidence.

We regard it as well established that when a court sits as a trier of facts and is asked to make findings of fact and does so, in accordance with R. S. 60-2921, he is presumed to make findings of fact upon all questions necessary to sustain the judgment rendered.

23—117 Kan.

In such a case the facts found will be presumed by this court to embrace all the facts of the controversy established by proof. (*Shuler v. Lashhorn,* 67 Kan. 694, 74 Pac. 264.) No finding having been made on the question of waiver, and no request for one having been made by appellee, the question was no longer in the case. (*Graham v. Elevator Co.,* 115 Kan. 143, 146, 222 Pac. 89.)

The leases contained this provision:

"That no act of either or both parties hereunto shall be construed as an extension of this lease unless the same is reduced to writing by both parties hereto."

Appellee argues that by this provision in the lease the parties contracted away the statutory effect (R. S. 67-502) of a holding over by the tenant with the assent of the landlord after the termination of the lease. The clause does not have that effect. It applies to acts of one or both parties within the term of the lease.

We are now asked to modify the judgment as between the Planters State Bank and the thresherman with respect to the amount of the thresherman's lien. We do not regard that question as before us. Neither the bank nor the thresherman appealed from the judgment pertaining to his compensation, and the plaintiff has no interest in it. Hence we decline to deal with that branch of the case.

Other questions suggested need not be discussed. The petition for a rehearing is denied.

BURCH, J., not sitting.