Smith v. Dolman.

No. 26,464.

BERTHA W. SMITH, *Appellee,* v. J. C. DOLMAN, *Appellant,* et al.

SYLLABUS BY THE COURT.

DEEDS—*Execution and Delivery—Sufficiency of Evidence.* The trial court determined upon the evidence that there had been a valid execution and delivery of the deed involved in this cause, and it is held that there is sufficient evidence to uphold its finding and judgment.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed February 6, 1926. Affirmed.

*W. R. Hazen,* of Topeka, for the appellant.
*P. H. Forbes,* of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff, Bertha W. Smith, brought this suit to quiet her title to an eighty-acre tract of land and a number of city lots in the city of Topeka, to which J. C. Dolman and other of the defendants made some claim, the nature of which, it is alleged, was not known to plaintiff. She recovered judgment quieting her title and barring the defendants from any interest in the property, from which Dolman appeals.

It appears that E. M. A. Smith, the father of plaintiff, died intestate August 11, 1920, leaving as his only heirs his widow and his two daughters—F. A. Richenbacker, the wife of W. J. Richenbacker, and the plaintiff. Previous to his death, and on July 27, 1915, he executed a deed purporting to convey the real estate involved herein, which was recorded on October 26, 1922. The defendant Dolman recovered a judgment against F. A. Richenbacker and W. J. Richenbacker, on September 17, 1921, and in his answer alleged that the deed to plaintiff was not a valid instrument of conveyance, and that as the father of plaintiff died intestate, F. A. Richenbacker inherited an interest in the real estate, and he asked that the deed to plaintiff be adjudged void and the real estate to be the property of the heirs at law of Smith, and that the judgment be declared to be a lien on the title or interest belonging to F. A. Richenbacker or her husband. Much testimony was taken with relation to the execution of the deed to plaintiff and of its delivery to her, it being claimed

Deeds, 18 C. J. pp. 197 n. 20, 199 n. 30, 418 n. 38, 436 n. 36, 438 n. 62.

that the property was not in fact conveyed at the time it purports to have been, and that if it was executed that it never was in fact delivered. In some of her testimony she stated that she could not remember of the execution of the deed; that her father had a safe and that her papers were kept in a package by themselves in the safe. There is testimony to the effect that her father, who had been wealthy, lost the greater part of his property and that the plaintiff let her father have money in amounts ranging from $100 to $500, and that she probably let him have as much as $5,000, for which the transfer was made. There is also evidence that she largely supported the family, of whom her father was one, and had paid taxes upon the home place. She testified that the deed in question and other deeds, of which there were several, were always placed in her portion of the safe by her father, separate from his papers, and that she had seen the deeds among her papers in the safe. Dolman alleged that E. M. A. Smith conveyed the land to his daughter for the purpose of placing it beyond the reach of his creditors, but he did not allege that he was then a creditor or that Smith did not have ample property at the time to meet the claims of all of his creditors. Dolman was not a creditor of Smith when the deed was made, nor was he afterwards one, and was not in a position to raise the question of Smith's fraud upon creditors if fraud in that respect had in fact been committed. As has been seen, he was a creditor of Richenbacker, and his judgment against him was not obtained until more than six years after the execution of the deed. He does contend that the deed was not in fact executed, and further, that if it was executed it did not become effectual, for lack of valid delivery. Ample consideration for the transfer of the property was shown, and while the circumstances of the execution of the deed and its delivery were not definitely brought out, its execution was duly acknowledged and it came into the possession of the plaintiff. Possession by the grantee of a deed duly executed and acknowledged is *prima facie* evidence of a delivery. (*Rohr v. Alexander,* 57 Kan. 381, 46 Pac. 699.) There was evidence tending to show that the deed was kept in the safe used by her father, and had been placed in a separate package of papers of the plaintiff's kept in that safe. The placing of the deed with her papers, if done by her father, would tend to show an intention to pass the title. It was not necessary that the instrument should be handed to her in person. It has been held

Smith v. Dolman.

that delivery is largely a matter of intention, and if the grantor by words or acts manifests an intention to divest himself of title and vest it in another, it is sufficient to constitute a delivery. (*Wuester v. Folin,* 60 Kan. 334, 56 Pac. 490; *Zeitlow v. Zeitlow,* 84 Kan. 713, 115 Pac. 573; *Hoard v. Jones,* 119 Kan. 138, 237 Pac. 888.) In the Zeitlow case the court quoted with approval the following from *Ruckman v. Ruckman,* 32 N. J. Eq. 259:

"Delivery may be effected by words without acts, or by acts without words, or by both acts and words. Whenever it appears that the contract or arrangement between the parties has been so far executed or completed that they must have understood that the grantor had devested himself of title, and that the grantee was invested with it, delivery will be considered complete, though the instrument itself still remains in the hands of the grantor." (p. 718.)

Much is made of the fact that the deed was not recorded until after the death of Smith, but this is only a circumstance which of itself is not controlling. The testimony, though not entirely satisfactory, tends to show an intention on the part of Smith to pass the title, and while some of the circumstances militate against the view of a completed transfer, the whole evidence relating to the execution and delivery of the deed fairly raised a question of fact for the trier of the facts, and the general finding of the court is a finding that an effective execution and delivery of the deed had been made which vested the title in plaintiff. It follows that the judgment of the trial court must be affirmed.