No. 27,854.

TURNER RUSSELL McLAIN, a Minor, by WINNIE HAYS FISHER, His Mother and Next Friend, *Appellant,* v. C. H. BARR, and J. C. YOUNG, Substituted for J. S. Barnes, as Sheriff of Miami County, *Appellees.*

(264 Pac. 75.)

SYLLABUS BY THE COURT.

1. TRIAL—*Trial by Court—Duty to Make Findings of Fact and Conclusions of Law.* It is the duty of the trial court upon due and timely request to make findings of fact and conclusions of law warranted by the evidence and upon which the judgment is based.

2. HOMESTEADS—*Abandonment Subjecting Land to Sale Under Execution.* In an action to enjoin the sale of real property, the proceedings considered and *held,* the court should have found whether or not the property in controversy or a portion thereof had been the homestead of the grantor at the time of a purported conveyance.

3. DEEDS—*Delivery—Intention as Controlling.* And further, the court should have found whether or not it was the intention of the grantors that a certain deed executed by them should be immediately recorded.

Deeds, 18 C. J. pp. 201 n. 44, 439 n. 78. Homesteads, 29 C. J. pp. 963 n. 91, 992 n. 66. Trial, 38 Cyc. p. 1954 n. 16; 26 R. C. L. 1088.

McLain v. Barr.

Appeal from Miami district court; Garfield A. Roberds, judge. Opinion filed February 11, 1928. Reversed.

*R. E. Coughlin* and *Edward H. Coughlin*, both of Paola, for the appellant.
*Ben F. Winchel*, of Osawatomie, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: The action was one to enjoin the sale of real estate. The plaintiff was defeated and appeals.

The facts were substantially these: Plaintiff's father died in 1917, when the plaintiff was only a few weeks old. Plaintiff's mother was made administratrix. Some $600 was received from the estate for the plaintiff, also life insurance in the sum of $1,250. The money belonging to the plaintiff was used by the mother to make some investments in California real estate which resulted in a profit. Later, the principal together with the profit was mingled with the mother's money and invested by her in Florida real estate and all of it lost. Upon the father's death, certain real estate consisting of a quarter section of land and some town lots descended to the plaintiff and his mother. In 1925, an action was filed in the district court against the mother by the receiver of a failed bank. The mother, in the meantime, had remarried and was residing at Independence, Mo. No service was had for a considerable time, and eventually the defendant, C. H. Barr, purchased from the receiver the note in question and was substituted for the plaintiff in that action. An attachment was levied upon the real estate above mentioned. Judgment was procured and the property advertised to be sold to satisfy the judgment. In the meantime, shortly after filing of the original action and before the attachment, the mother and her husband executed to the plaintiff, the minor son, quit-claim deeds conveying the mother's interest in the real estate above mentioned. The deeds were not recorded until after the attachment had been levied. The mother as best friend of the plaintiff then filed this action to enjoin the sale of the real property contending that the attachment was without effect because the property had been conveyed to the plaintiff. The action was tried by the court; judgment for the defendant (owner of the note); findings of fact and conclusions of law made by the court.

The plaintiff contends that the court failed and refused to make findings requested, and erred generally in rendering judgment for the defendant. Two paramount questions appear—whether the

farm above mentioned was a homestead and whether there was a delivery of the deeds to plaintiff previous to levy of the attachment.

The defendant contends that the homestead question is not and never was an issue in the case. The plaintiff contends that while there was no specific allegation of homestead in the petition, the question was presented on the argument of a demurrer and no objection made that it was not within the issues. It appears that evidence was offered by the plaintiff as to the homestead character of the farm, and that no objection was made thereto. The defendant in a counter abstract brings up this evidence of Mrs. Fisher elicited on cross-examination:

"That the farm involved in this controversy and in which homestead rights are alleged, is located six miles southeast of Osawatomie; that she was living on the farm at the time her first husband died, in 1917; that in February, 1919, she left the farm and went to California; that in 1921 she came back to Osawatomie and occupied the residence in Osawatomie owned by her, and one of the properties involved in this controversy; that she continued to live in the Osawatomie residence until December, 1923, when she moved to Chanute; that she moved back into the Osawatomie residence in February, 1924; that she moved out onto the farm again in March, 1924; that about August 1, 1925, she again left the farm with her husband and established a home in Kansas City, Mo.; that about September 1, 1926, they moved to Independence, Mo., at which place they continued to live and were living at the time of trial."

The trial court made two sets of findings. In the first the court found:

"The said Winnie Hays Fisher occupied said farm, with her husband and son, who is the plaintiff herein, from August, 1924, until September, 1925, as her homestead. Said farm is located about six miles from the city of Osawatomie, Kan. The husband of said Winnie Hays Fisher is an employee of a railroad company as a locomotive fireman running from Kansas City, Mo., to Omaha, Neb.

"In September, 1925, said family moved from said farm to Independence, Mo., where they now reside. Said farm was then leased to a brother of said Winnie Hays Fisher. A mowing machine and a few garden tools were left on said farm by Winnie Hays Fisher at the time she removed from said farm.

"Said Winnie Hays Fisher testified that said farm is her homestead residence, and that her residence at Independence, Mo., is her temporary residence; she testified that she expects to return to said farm to live thereon and occupy the same as her homestead; she testified that she had never released her homestead right in said farm."

In the second set of findings the court stated "that the findings of fact and conclusions of law in the above-entitled case be modified and set aside, except as herein set forth," and therein made no find-

ing with respect to the homestead. The plaintiff then filed an application asking the court to take cognizance of the evidence relating to the homestead on the hearing of the motion for new trial. The court declined to do so. Under all the circumstances, we are of opinion that the homestead issue was sufficiently raised. Under our liberal procedure the court should either have permitted an amendment of the pleadings (had any question of their sufficiency been raised) or should have considered the pleadings amended to conform to the proof, and should have found whether or not the farm in question was Mrs. Fisher's homestead at the time of the conveyance to plaintiff. Homestead-exemption laws should be liberally construed in favor of the homestead. The homestead can be appropriated for the payment of debts only upon clear and positive evidence of its abandonment. (*Garlinghouse v. Mulvane,* 40 Kan. 428, 19 Pac. 428; *Osborne v. Schoonmaker,* 47 Kan. 667, 28 Pac. 711; *Palmer v. Parish,* 61 Kan. 311, 59 Pac. 640; *Carlson v. Richey,* 115 Kan. 722, 224 Pac. 895; *Sage v. Ijames,* 118 Kan. 11, 233 Pac. 1013; *Roberts v. Robertson,* 123 Kan. 222, 254 Pac. 1026; 6 Encyc. of Ev. 543; 29 C. J. 963.)

Respecting delivery of the deeds, the trial court held that the deeds in question were valid, but were not effective until placed of record (which was after levy of the attachment). The plaintiff requested findings of fact touching the intention of the grantors as to delivery of the deeds. Two witnesses, the grantors, testified that after execution and acknowledgment of the deeds, they took them to the post office, purchased and placed upon them documentary stamps, then went to the plaintiff, who was sitting in an automobile, and exhibited to him the deeds and told him that they had deeded him the property; that it was their intention to make the conveyance effective at once; that the deeds were then returned by the grantors to a notary, who was also a lawyer, for the purpose of having him record them, and who, both grantors testified, agreed to record them within a day or so. If it was the intention of the grantors that the deeds be at once recorded and that the title should pass, that fact would be controlling. (See *Wuester v. Folin,* 60 Kan. 334, 56 Pac. 490; *Kelsa v. Graves,* 64 Kan. 777, 68 Pac. 607; *Good v. Williams,* 81 Kan. 388, 105 Pac. 433; *Smith v. Dolman,* 120 Kan. 283, 243 Pac. 323; 13 Cyc. 563; 18 C. J. 439, 440; 9 A. & E. Enc. of L., 2d ed., 161.) It was, in our opinion, a fact the plaintiff was entitled to have determined.

19—125 KAN.

There appears no question but that the plaintiff took every measure to have the court ascertain the two questions of fact herein discussed. (R. S. 60-2921; *Snodgrass v. Carlson,* 117 Kan. 353, 232 Pac. 241; *Black v. Black,* 123 Kan. 608, 256 Pac. 995.) Had they been determined in accordance with the apparent weight of the testimony judgment would have resulted for plaintiff. If there was in fact a present intention to deliver the deeds at the time of their execution the title passed to the plaintiff, and if the farm was in fact the homestead of the plaintiff's mother it was not subject to attachment, and in either case defendant's attachment would have reached only such interest as the mother had at the time of the levy of the attachment. (*Harrison & Willis v. Andrews,* 18 Kan. 535; *McCalla v. Knight,* 77 Kan. 770, 94 Pac. 126; *Emery v. Bank,* 97 Kan. 231, 155 Pac. 34; *Conner v. Cole,* 112 Kan. 517, 211 Pac. 615; *Hoard v. Jones,* 119 Kan. 138, 237 Pac. 888; *Smith v. Dolman,* 120 Kan. 283, 243 Pac. 323.)

The judgment is reversed, and the cause remanded with instructions to grant a new trial.