No. 29,800.

THE FEDERAL TRUST COMPANY, *Appellee*, v. ROLLAND F. IRELAND et al., *Appellees;* HATTIE E. SHESTAK, *Appellant.*

(296 Pac. 704.)

Opinion filed March 7, 1931.

*J. R. Hyland,* of Washington, for the appellant.

*John M. Stewart, Don W. Stewart* and *A. A. Whitworth,* all of Lincoln, Neb., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The Federal Trust Company brought this action to foreclose a mortgage given to secure a debt of $5,000 upon a tract of land. The mortgage had been executed by Rolland F. Ireland, in whose name the legal title stood, and it was made subject to a prior mortgage of $50,000, given to another party. John W. Baxter, alleged to be the real owner of the land, was named as a defendant, and Hattie E. Shestak, among others, was named as a defendant. The mortgage was foreclosed, personal judgments entered, liens determined and classified, and it was decreed that the real title to the land was in John W. Baxter, and that Hattie E. Shestak, who had obtained a judgment against Rolland E. Ireland and had attached the land in question, had no right, title or interest in it. She alone appeals.

It appears that Baxter was the real owner of the land, that Rolland F. Ireland was his attorney, and that as Baxter was contemplating a trip to Europe, to be absent for a considerable time, he executed a deed to Rolland F. Ireland, without consideration, and that the sole and only purpose of the transfer was to place the title in Rolland F. Ireland to hold in trust for Baxter in order to facilitate the sale of the land with power to sell it or obtain money

by a mortgage thereon, and that in doing so he acted and relied wholly on the advice of Ireland, his attorney.

The court found that Ireland had no actual interest in the land, that he held the legal title solely as trustee for Baxter. Hattie E. Shestak, it appears, had a claim against Rolland F. Ireland, and upon service by publication had obtained a judgment against him. Afterwards she caused an attachment to be levied on the land, under which a sale thereof was made. Upon these proceedings she claimed an interest in the land, and that she was entitled to a third lien thereon. She pleaded and contends that Ireland represented to her that he was the owner of the land when she advanced money to him; that by reason of the conduct of Ireland and Baxter in the matter that Baxter is estopped to claim that he is the owner. It was sufficiently shown that Rolland F. Ireland, the attorney for Baxter, acquired no more than the naked legal title. Baxter, the real owner, executed the deed to his attorney in trust in order to facilitate the sale of the land during the absence of the owner. Under the circumstances can a creditor of Ireland obtain an attachment lien on land the naked legal title of which stood in Ireland's name but which was actually owned by Baxter? It is well settled that an attachment execution or judgment lien does not attach to or affect an interest in property beyond what the debtor owns. In the early case of *Harrison & Willis v. Andrews,* 18 Kan. 535, 542, it was said:

"That is, it is held that the judgment lien cannot attach to a mere naked legal estate, when the entire equitable estate is vested in some third person. And in no case will the judgment lien attach to any interest greater than the judgment debtor himself possesses in the land. [Citing cases.]"

In *McCalla v. Knight,* 77 Kan. 770, 771, 94 Pac. 126, a judgment debtor had executed a deed to real estate which was not recorded, before an execution of a judgment had been levied upon the property, and the question involved was whether the judgment lien had priority over the recorded deed, and it was decided that:

"The trial court rightly held that the sale under execution conveyed only such title as the judgment debtor had in the real estate at the time the judgment lien attached, and that the judgment creditor was not an innocent purchaser. [Citing cases.]"

In *Emery v. Bank,* 97 Kan. 231, 155 Pac. 34, syl. ¶ 3, it was said:

"A judgment lien does not attach to any interest greater than the judgment debtor possessed in the land when the judgment was entered, and if the

judgment debtor has transferred his entire equitable estate in the land to a third person before the rendition of the judgment, and nothing remains in him except the naked legal title, the judgment does not become a lien upon such land."

Another case involving the rights obtained by an attachment is *Saylor v. Crooker*, 97 Kan. 624, 626, 156 Pac. 737, and in the course of the opinion it was said:

"Crooker holds only an unenforceable mortgage on Saylor's property. Murray, an attaching creditor of Crooker, can neither attach, acquire nor subject to execution sale any greater interest in the Saylor property than Crooker. An attaching creditor seizes only the existing interest of his debtor. No more." (See, also, *Kindig v. Richardson*, 108 Kan. 218, 194 Pac. 920.)

The courts are generally united in the holding that an attaching creditor cannot seize or reach any interest in property greater than is actually owned by the debtor, and we discover nothing in the circumstances of this case which takes it out of the general rule. On the record presented there is no reason for applying the rule of estoppel in favor of the defendant Shestak.

Finding no error in the record, the judgment is affirmed.