No. 38,216

Bottenberg Implement Co., Inc., *Appellee,* v. J. B. Sheffield and M. C. Finney, *Appellants.*

(229 P. 2d 1004)

Opinion filed April 7, 1951.

Phil H. Lewis, of Topeka, argued the cause, and T. M. Lillard, O. B. Eidson and James W. Porter, all of Topeka, were with him on the briefs for the appellants.

I. B. Wilcox, of Holton, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages sustained by plaintiff when its truck collided with a semitrailer truck owned by the defendants. Plaintiff prevailed and defendants appeal.

Briefly stated and as disclosed by the pleadings as finally framed, the plaintiff alleged that on April 7, 1949, at 10:30 P. M. defendants who were driving a semitrailer truck south on U. S. Highway No. 75 north of Holton, Kansas, negligently stopped their truck on the highway and negligently failed to place flares or warning signals to the rear of the truck to indicate its position on the highway, and that the stop lights and clearance lights on their truck were not properly lighted and were covered with a tarpaulin or canvas, and that the driver of plaintiff's truck, by reason of such negligence, was unable to see defendants' truck and as a result plaintiff's truck struck defendants' truck, causing the damages for which recovery was sought. Defendants' answer denied their negligence and alleged negligence of plaintiff's driver in failing to maintain a lookout, in driving at a high and unreasonable rate of speed, in failing to keep his truck under control, in driving without adequate lights and brakes and in failing to turn aside when there was ample time to do so and room for plaintiff's truck to pass without a collision.

A jury was waived and trial was by the court which was requested to make findings of fact and conclusions of law. The trial court rendered judgment in favor of the plaintiff and made findings of fact as follows:

"1. Defendant's semi-trailer truck was parked on highway No. 75 approximately two and one-half miles north of the City of Holton, Kansas, at the time of the accident.

"2. At the point of collision, said highway was a blacktop surface type, the main traveled portion of which was 26 feet in width, level profile with vision of ½ mile in either direction.

"3. The point of impact on the involved vehicles was the left rear corner of defendant's trailer and the right front corner of the plaintiff's pickup.

"4. The width of the defendant's trailer was 8 feet.

"5. The left or east side of defendant's trailer was 15 feet from the east edge of the main traveled portion of the highway.

"6. The right or west side of defendant's trailer was 3 feet from the west edge of the main traveled portion of the highway.

"7. Immediately prior to the collision, defendant gradually slowed his truck to a stop over a distance of 200 feet. That such stopping was voluntary as distinguished from an emergency or compelled stop.

"8. Under the existing situation and conditions it would have been practical for defendant to have driven his truck 3 feet farther to the right or west side of the main traveled portion of said highway before coming to a full stop and he was guilty of negligence in not so doing.

"9. The negligence of the defendant as set out in No. 8 was the proximate cause of the collision."

Thereafter the defendants filed motions for modification of the findings and for additional findings and for a new trial, and upon a hearing thereof the trial court made the following additional findings:

"1. The driver of plaintiff's truck was driving at a speed of approximately fifty miles per hour immediately before the collision.

"2. Plaintiff's truck was a comparatively new 1949 Ford pickup truck, equipped with good lights and good brakes.

"3. The road surface was dry and the weather clear at the time and place of the accident.

"4. There was no north bound or oncoming traffic at or about the time and place of the accident.

"5. Plaintiff's truck was approximately one hundred yards to the rear, or north of defendant's truck, when defendant's truck came to a stop.

"6. Defendant's truck was brought to a stop by its driver because he smelled gasoline.

"Upon request by defendants for amplification of Additional Finding No. 6, the Court stated that the evidence established that gasoline had spilled from the carburetor of defendant's truck onto its engine, due to a dislodged carburetor screw. This spillage of gasoline onto the truck engine caused the defendant driver to smell gasoline as found in Additional Finding No. 6."

The defendants then moved for judgment on the findings of the court notwithstanding the judgment, and this motion and the motion for a new trial were taken under consideration by the trial court, which, according to the journal entry ruled "the Court still concluding that the proximate cause of the collision was the parking of defendants' truck where it was stopped (Nos. 8 and 9 of the original Findings and Conclusions); and concluding that the negligence of plaintiff, if any, was only a remote cause of the collision, does hereby overrule defendants' Motion for Judgment on the Finding and Motion for New Trial."

In due time the defendants perfected their appeal to this court, their specification of errors covering the matters hereafter discussed.

In a preliminary way it may be noted that plaintiff at no time raised any question as to the sufficiency of the evidence to support the findings of the trial court, nor did it contend that other or additional findings should have been made. It may also be said that where the trial court is requested to and does make findings of fact in accordance with G. S. 1949, 60-2921, it is presumed its findings embrace all of the facts in controversy established by the proof (see e. g. *Snodgrass v. Carlson,* 117 Kan. 353, 232 Pac. 241); that all of the findings must be read as a whole to determine their sufficiency to support the judgment (see e. g. *Kuhn v. Johnson,* 91 Kan. 188, 137 Pac. 990); and that a general finding of negligence must yield to a detailed contrary finding on the specific act of negligence charged (see e. g. *Brittain v. Wichita Forwarding Co.,* 168 Kan. 145, 211 P. 2d 77).

Two general questions are presented. Do the findings of fact convict the defendants of any actionable negligence, and if so, was the plaintiff's driver guilty of any negligence which contributed to the collision? In their briefs, both appellants and appellee argue that the evidence discloses facts not included in the findings of the trial court. By their motion for judgment the appellants concede the findings made are supported by the evidence (*Booker v. Kansas Power & Light Co.,* 167 Kan. 327, 205 P. 2d 984, and cases cited). The appellee filed no motion for additional findings. Under decisions above noted, our consideration of the appeal is limited to the facts as found by the trial court.

It is clear from the answers to questions Nos. 8 and 9 and the ruling denying defendants' motion for judgment on the findings that the only ground of negligence found by the trial court was that defendants had not parked their truck three feet farther to the right or west side of the road. What situation is disclosed by other findings? By its first finding No. 7 the trial court found that defendants gradually slowed their truck over a distance of two hundred feet and that their stopping was voluntary as distinguished from an emergency or compelled stop, but by its second finding No. 6, and the amplification thereof, it found to the contrary. Under G. S. 1949, 8-570, no person shall stop a motor vehicle upon the main traveled part of the highway when it is practical to stop off such part of the highway, but in every event a clear and unob-

structed width of at least twenty feet of such highway (an impossibility here in view of the first findings, Nos. 2, 4 and 5) shall be left for traffic and a clear view of such stopped vehicle shall be available for a distance of two hundred feet in each direction (a situation which did obtain according to first finding No. 2 and the fact the trial court did not find the truck to be without lights as charged). However, the statute further provides that the section mentioned shall not apply to the driver of any vehicle which is disabled while on the main traveled highway to such an extent it is impossible to avoid stopping.

When considered as a whole, the trial court found that the defendants stopped their truck, not voluntarily as found by its first finding No. 7, but as the result of gasoline spilling on the engine as found by second finding No. 6 and the amplification thereof. The last mentioned findings are not general—they are specific. The danger of fire from spillage of gasoline on a running engine is so well understood that it is fruitless to argue that stopping the truck to remedy the defect was not a compelled stop. The stopping under the circumstances created an exception under the statute and under the facts found was not an act of actionable negligence.

Were there any doubt as to the correctness of the above conclusion, appellee would be precluded from recovery on another ground. Under the findings, on the night in question the highway was dry, the night was clear, there was no oncoming traffic. By reason of the trial court's refusal to find to the contrary, it must be assumed that appellants' truck was equipped with adequate rear lights. The trial court did find that appellee's truck was comparatively new and equipped with good lights and good brakes and that it was 100 yards to the rear when appellant's truck stopped. Notwithstanding the situation presented, appellee's driver drove his truck at a speed of fifty miles per hour into the rear of appellants' truck.

It is not necessary that we make an extended review of our decisions holding that it is negligence as a matter of law to drive a motor vehicle in the nighttime at such a speed that it cannot be stopped within the radius of its headlights or within a distance that objects, obstructions and danger signals can be seen ahead of it (see e. g. *Tuer v. Wayland,* 129 Kan. 458, 460, 283 Pac. 661, and *Eldredge v. Sargent,* 150 Kan. 824, 830, 96 P. 2d 870). And see also *Brittain v. Wichita Forwarding Co.,* 168 Kan. 145, 211 P. 2d 77, where a somewhat similar question was discussed and decided.

Such exceptions as have been made to the rule have no application here and need no mention. A driver on a public highway has a duty to look ahead and see vehicles and objects in his line of vision and in case of accident he is conclusively presumed to have seen what he could and should have seen in the proper performance of his duty. (*Gabel v. Hanby*, 165 Kan. 116, 193 P. 2d 239.) Under the findings nothing prevented appellee's driver from seeing appellants' truck and either stopping his own truck or so operating it that he could have passed on the left side as there was ample room to do, as disclosed by the findings.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to render judgment for the appellant defendants.